## Case No. 152.

### ALDEN v. BOSTON, H. & E. R. CO.

[5 N. B. R. 230.]

District Court, S. D. New York. Feb. 13, 1871.

BANKRUPTCY—RECEIVERS APPOINTED BY STATE COURTS—INJUNCTION.

[A railroad in the hands of receivers appointed by state courts must be regarded as being in the possession of those courts, and their possession, management, and control of the railroad cannot be interfered with by subsequent proceedings in bankruptcy unless for some cause rendering the title of the receivers impeachable under the bankrupt act.]

[Cited in Re Boston, Hartford & E. R. Co., Case No. 1,678.]

[In bankruptcy. Petition by receivers, appointed by several state courts, of the property of the Boston, Hartford & Erie Railroad Company, against which a petition in bankruptcy had been filed by James Alden, for a modification of the injunction issued in the bankruptcy proceedings. Injunction modified.]

E. H. Owen, for receivers.

W. E. Curtis, for Alden, petitioning creditor.

BLATCHFORD, District Judge. As the property in the hands of the receivers of the company must be regarded as being in the possession of the several state courts which appointed such receivers, and as such receivers were appointed and entered on their duties as such, and took possession of the railroads and other property of the company before these proceedings in bankruptcy were instituted, and as thus such state courts were in possession of such railroads and other property when these proceedings in bankruptcy were commenced, and have continued in possession of the same ever since, it is not for this court to interfere with such possession, at least until the title of the receivers is impeached for some cause for which it is impeachable under the bankrupt act; nor is it for this court, before such title is thus impeached, to interfere with the management or control of such railroads and other property by such state courts or by such receivers under the orders of such state courts. As to the discontinuance of the suit in New York, in which the receivers were appointed, if such discontinuance has the effect to revoke the appointment and authority of the receivers under the proceedings in that suit, then the injunction of this court does not restrain them from doing anything which they are doing by virtue of such appointment, and such injunction need not be vacated or modified. If the discontinuance of such suit does not render null any title which such receiver acquired through the proceedings in such suit, and they are still acting as receivers under the appointment made in the proceedings in such suit, they must be regarded as so acting on behalf of the court in which such suit was pending, and as its agents as to property in its custody, notwithstanding the suit is discontinued. With these views, it is proper that the injunction heretofore issued herein on the third of January, eighteen hundred and seventy-one, be so far modified that the making and entering by the receivers into the contract, and the giving by them of the securities authorized by the decree of the supreme judi-

cial court of Massachusetts, made on the twenty-third of December, eighteen hundred and seventy, shall not be deemed or taken to be a violation or contempt of such injunction, and that in all other respects such injunction be continued in force.

[NOTE. For other proceedings involving the same company, see In re Boston, H. & E. R. Co., Case No. 1,679; Id. 1,680; Sweatt v. Boston, H. & E. R. Co., Id. 13,684.]