EPHRAIM DRUCKER, Respondent, v. THE MANHATTAN RAILWAY COMPANY et al., Appellants.

Where an action to recover damages for an alleged interference with plaintiff's rights in a street was tried upon the theory that plaintiff owned the fee to the center of the street, or an easement therein, and no question was raised by defendant in reference thereto on the trial, *held,* that no such question could be raised upon appeal.

The alleged interference was by the construction upon the street and operation of an elevated railroad. *Held,* that evidence was competent that since the building of the railroad the trade and business of the street had fallen off and the amount of custom greatly diminished in volume and changed in character; that to measure and appreciate the individual loss to plaintiff the nature and extent of the general injury was properly and necessarily considered.

The evidence tended to show that by reason of the falling off of business rental values on the street had seriously diminished, but it was also established that the result was due in part to a tendency of business to move "up town." *Held,* that although it could not be ascertained with definiteness and precision what proportion of the loss was caused by the wrongful acts of defendant, and the problem of damages could only be solved by taking into view the general loss and estimating out of it the part or share chargeable to defendant, this did not prevent a recovery; that when all reasonable facts and *data* had been furnished for consideration it was no defense to a wrong-doer that the judgment against him must involve more or less of estimate and opinion.

106  157
118  626

106  157
121  520
106  157
125  187

106  157
128  497
128  567
129   85
129  271
106  157
130  527
106  157
137  160

Also, *held*, it was proper to prove and to take into consideration as elements of damages the impairment of plaintiff's easement of air, caused by smoke, gases, ashes and cinders from passing trains, the lessening of the easement of light, caused by the elevated road itself and the passage of trains, and the interference with convenience of access, caused by the drippings of oil and water.

(Submitted May 10, 1887; decided June 7, 1887.)

Appeals from judgment of the General Term of the Superior Court of the city of New York, made March 5, 1885, which affirmed separate judgments against defendants, entered upon a verdict and affirmed orders denying motions for a new trial. (Reported below, 19 J. & S. 429.)

The action was for damages from the alleged impairment of plaintiff's easement of light, air and access appurtenant to his land on Division street, in the city of New York, by the construction and maintenance of an elevated railway, in front of the land and along the street, by defendant, the Metropolitan Elevated Railway Company, and by the maintenance of the same by defendant, the Manhattan Railway Company, the lessee of the former company.

The judge charged the jury that the plaintiff could only recover the diminution of the rental value of his lands caused by the wrongful acts of the defendants as shown by the testimony. He charged that they should find to what extent, if any, the structure itself had caused a diminution; and, further, "that if you find the use of the railway, and its emission of smoke, gas, and the flickering caused by passing trains, also are a use inconsistent with the legitimate use of the public street, and that by reason of that use the rental value of plaintiff's property has been seriously damaged, and that that use and that erection were the only cause of that damage, and you will then find for the plaintiff or the amount that you think that damage was." He, in effect, charged the jury also that the plaintiff's recovery must be confined to the effects of such impairment of the easement of air, light and access as the testimony proved.

The plaintiff was allowed, under an exception, to ask a wit-

ness: "What, in your opinion, would have been the fair rental value of this property immediately after the construction and operation of this road there?" The defendant objected to the question so far as it called for the effect of the operation of the road, on the ground that the plaintiff was entitled to recover only for the injury caused by the interference to light, access and air, but nothing for the noise, smoke, smell or any of the inconveniences from the running of the road.

A witness, who had testified that rents began to fall off in the neighborhood of the place in question about a certain time, was then asked: "When did the diminution in the volume of business there commence?" This was objected to on the ground that the falling off of the volume of business is not an element of damage. The objection was overruled. To a question to another witness: "What effect, if any, has it had upon the business of that street; what effect has the road had on the business of the street, if any?" the objection was taken to his stating the effect on the business and on the ground that the inquiry should be as to the effect on values. The question was allowed and the witness answered that customers did not come there any more as they had on account of the smoke, dirt, cinders and noise, etc. Other witnesses testified to the rental value of the premises before and after construction and operation of the railroad.

It appeared that the diminution in rental values was caused partially by the general flow of business "up town." Defendants objected and excepted to a recovery for more than nominal damages.

*Julien T. Davies, Edward S. Rapallo* and *Charles A. Gardiner* for appellants. The legislature may authorize the construction of works of a public nature, such as railroads, without requiring compensation to be made to persons who may suffer damages occasioned by the construction or operation of such works, in case no property of such persons be actually taken or appropriated. (*Gould* v. *H. R. R. Co.,* 2 Seld. 522; *Radcliff's Exrs.* v. *Mayor, etc., of B.,* 4 N. Y. 195;

*Taylor* v. *Met., etc., Ry. Co.,* 18 J. and S. 311.)   The legislative permission exempts the railroad from all liability to individuals for any public injury.  (*Wager* v. *Troy U. R. R. Co.,* 25 N. Y. 526.)   The immediate, and not the remote cause, is to be considered in determining the point of legal liability for damage. (*People* v. *Mayor, etc.,* 5 Lans. 524.)   The loss of customers is not a proper element of damage.  (*Squier* v. *Gould,* 14 Wend. 159.)   No account is to be taken of the general benefit to the land owner, resulting from the building of the road. (*C. R. R. Co.* v. *Bull,* 5 O. St. 568 ; *L. M. R. R. Co.* v. *Collet,* 6 id. 182 ; *State* v. *Miller,* 3 Zabr. [N. J.] 383.)   In estimating the damage to land from the construction of a railroad, the injury to other property similarly situated, cannot be shown. (*S. R. Co.* v. *Knapp,* 42 Ala. 480.)   In an action for obstructing a highway the plaintiff could not recover at common law, his damage not being peculiar to himself, but common to all. (*Rickett* v. *Met. R. R. Co.,* L. R. [2 H. of L. App. Cas.] 167.) No damage can be recovered for loss of air, light or access, where substantial injury is not proved to have been sustained. (Goddard's Law of Easements [Bennett's Ed.], 397 ; *Dent* v. *Anden M. Co.,* L. R. [2 Eq.] 244.)   Injuries of indefinite amount not capable of estimate do not fall within the constitutional provision against taking property without compensation.  (*Radcliff's Ex'rs* v. *Mayor, etc.,* 4 N. Y. 196 ; *Pottstown Gas Co.* v. *Murphy,* 39 Penn. 257 ; *Searles* v. *Man. Ry. Co.,* 101 N. Y. 661.)

*Roger Foster* for respondent.   The plaintiff had a good cause of action.  (*Story* v. *N. Y. El. R. R. Co.,* 90 N. Y. 122; *Lahr* v. *Met. El. R. R. Co.,* 104 N. Y. 268; *Wagner* v. *Met. El. R. R. Co.,* id. 665.)   The correct measure of damages was awarded plaintiff.  (*Williams* v. *N. Y. C. R. R. Co.,* 16 N. Y. 97, 103; *Henderson* v. *N. Y. C. R. R. Co.,* 78 id. 423 ; *Blesch* v. *C. & N. W. Ry. Co.,* 43 Wis. 183, 195.)   No objection can be raised to the description of the plaintiff's claim as for damages for use and occupation.  (*U. S.* v. *Gt. F. Manufg. Co.,* 112 U. S. 645.)   The

defendants' contention that the damage caused by their acts was not proven with sufficient mathematical precision, is untenable. (80 N. Y. 614; *Taylor's Case*, 18 J. & S. 311; *In re U., etc., R. R. Co.*, 56 Barb. 456; 1 Sutherland on Damages, 121; *B. & P. R. R. Co.* v. *Fifth Bap. Ch.*, 108 U. S. 317, 335; *Blesch* v. *Ch. & N. W. R. Co.*, 43 Wis. 183, 195; *Steers* v. *C. of Brooklyn*, 101 N. Y. 51; *Wakeman* v. *W. & W. Mfg. Co.*, id. 205, 209.) The Metropolitan company was liable for all the damage sustained, and the Manhattan company jointly with it for so much as accrued after the lease to it. (*Taylor* v. *Met. El. Ry. Co.*, 18 J. & S. 311; *Irvine* v. *Wood*, 51 N. Y. 224; *Che., etc., Br'dg Co.* v. *Lewis*, 63 Barb. 112; *Brigg* v. *Hilton*, 99 N. Y. 517, 531; *Warner* v. *N. Y. C. R. R. Co.*, 52 id. 437; *Tinson* v. *Welch*, 51 id. 244; *Pitcher* v. *Bailey*, 8 East 171; *Booth* v. *Hodgson*, 6 T. R. [D. & E.] 405; Buller's *Nisi Prius*, chap. 7, p. 326; *Smith* v. *Brampston*, 2 Salk. 644; *Edmonson* v. *Machell*, 2 T. R. 4; *Wilkinson* v. *Payne*, 4 id. 468; Graham & Waterbury on New Trials, chap. 14, subd. 10; *Farwell* v. *Chaffey*, 1 Burr. 54.) Evidence of the effect of the railroad upon the business in Division street was properly admitted. (Abbott's Trial Evidence; *Gwens* v. *Van Studdiford*, 4 Mo. App. 498, 503; Sutherland on Damages, 419, 420; Mills on Eminent Dom., § 173; *Whitney* v. *Boston*, 98 Mass. 312; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Kemper* v. *Louisville*, 14 Bush [Ky.] 87, 96.) The acts of the defendants, even if performed upon the ground owned by them, constitute an invasion of the plaintiff's property in his land. (*Abendroth* v. *Man. Ry. Co.*, 20 J. & S. 274; 90 N. Y. 122, 173, 176.)

Finch, J. This case was tried upon the assumption that plaintiff owned the fee to the center of Division street; or, if not, that he had in it, as abutting owner, an easement of light, air and convenience of access. The point now made, that plaintiff did not own the fee because Division street was not shown to be identical with that laid out by Rutgers and

De Lancey, and was not the owner of an easement because the title to the street, presumptively from its age, came to the city from a Dutch ground brief or an English grant, and was an absolute fee, unclouded by any trust, was not taken upon the trial, either by objection to evidence, or a motion for a nonsuit, or by requests to charge or exceptions to the charge as made. It seems to have been conceded all through the trial that plaintiff had either a fee or an easement in the street, and that for the purposes of the action it was immaterial which, and so the litigation was confined to the question of damages and its true measure. It is too late now to raise or discuss in the case the point suggested. If it had been raised on the trial the identity of the street with that of Rutgers and De Lancey might have been more clearly shown, or the facts of its origin accurately developed.

The further questions raised respected the proof of damages. The action shaped itself into one of trespass for the occupation and impairment of plaintiff's easement for the period beginning with the construction of the road and ending with the commencement of the suit. In the case of *Lahr* v. *The Metropolitan Elevated Railway Company* (104 N. Y. 268), three out of five members of the court voting in the case put the rule of damages upon the proposition that the road and its operation imposed upon the street an unauthorized use, and were illegal and wholly a trespass as against abutting owners not duly compensated. As a logical consequence the majority held that the damages recoverable included whatever of injury or inconvenience resulted from the structure itself, or were incidental to its use. This rule opened the door to proof of every injury traceable to the road or its operation, and was said to be that "however the damage may be inflicted, provided it be effected by an unlawful use of the street, it constitutes a trespass, rendering the wrongdoer liable for the consequences of his acts." Under that rule none of the evidence offered was inadmissible, for it all tended to show how far and in what manner the plaintiff had been injured by the trespass. But the then minority of the

court favored a narrower rule of damages. Yielding, as in duty bound, to the authority of the *Story Case*, they admitted that so far as the road, by its construction or use, took or destroyed or impaired the abutter's easement of light, air and access, it was a trespasser, but maintained that beyond that, and for consequential damages which did not touch the easement or invade its enjoyment, it was not a trespasser, but stood under the protection of the general rule freeing it from liability for any incidental injury or annoyance resulting from its careful and lawful operation. But even that restricted rule, which has not as yet received the sanction of the court, appears not to have been violated upon the trial of this action. The judge charged "that nothing is recoverable except for interference with and occupation of plaintiff's light, air and access;" that no damages could be recovered for negligence in the construction or operation of the road since no such cause of action was pleaded, and that it made no difference in the measure of damages that the defendant had not acquired title by condemnation proceedings. The appellant does not complain of this charge, or the measure of damages applied; but does complain that evidence was admitted going quite beyond its boundaries. We are of a different opinion.

Objection was made to the proof that since the building of the elevated road the trade and business of Division street had fallen off, and the current of custom had largely lessened in volume and changed in character, and upon the ground that injury to the plaintiff and not to his neighbors was alone material. But to measure and appreciate that individual loss, the nature and extent of the general injury was necessarily to be considered. To ascertain how much the plaintiff was harmed by the impairment of his easement required a survey of the general facts, and a deduction from them of the particular and special damage to be estimated. The evidence tended to show that, by reason of the falling off of business, rental values on the street had seriously diminished, but also established that this result was due in part to a tendency of business to move "up town," with which the elevated roads

had nothing to do. How much of the diminution of rental values was due to the construction and operation of the elevated roads, and what part of that portion was caused by the impairment of plaintiff's easement, was the problem of damages, and could only be solved by taking into view the general loss and its nature and extent, and then estimating out of it the part or share suffered by the plaintiff from the taking or impairment of his easement.

But that, it is said, could not be done with any certainty or precision, and left the jury to guess and speculate in reaching a result. It is often the case that damages cannot be estimated with precision and the basis of accurate calculation is wanting and inadequate. That is notably true in many cases of personal injuries. Such evidence as can be given should be given, and facts naturally tending to elucidate the extent of loss should not be withheld. But when all the proof which, in the nature of the case is fairly possible has been given, the good sense of a jury must provide the answer, and it is no defense that such judgment involves more or less of estimate and opinion having very little to guide it. That criticism has no force in the mouth of the wrong-doer when all reasonable data have been furnished for consideration. If we inquire further into the details of the injury suffered we shall find that no proof was objected to which should have been rejected even under the narrower and more restricted rule above suggested. Smoke and gases, ashes and cinders affect and impair the easement of air. The structure itself and the passage of cars lessen the easement of light. The drippings of oil and water and possibly the frequent columns interfere with convenience of access. These are elements of damage even though the necessary concomitants of the construction and operation of the road, and not the product of negligence, for they abridge the land owners' easement, and to that extent, at least, are subjects for redress in an action for damages. There remains but the annoyance of noise and vibration of the buildings, among the specific injuries mentioned on the trial. But no objection or exception selected these out as improper

elements in the proof of damage, and the question which might involve the difference of opinion among us is not here presented.

The judgment should be affirmed, with costs.

All concur, except RAPALLO and PECKHAM, JJ., not voting.

Judgment affirmed.