The Court at General Term, said:
“The appellant contends that this judgment should be reversed because the court erroneously allowed the plaintiff to recover compensation for damages occasioned by noise made in constructing and operating the road, and contends that such noise does not constitute an interference with any of the easements appurtenant to the premises. This point has been decided adversely to the views of the appellant by this court in the case of Ireland v. The Metropolitan El. R. R. Co., 52 Super. Ct. 460, in which case it was held that damages may be awarded as compensation for injuries to easement caused by the noise resulting from the operation of the road; and as the court of appeals have not in any way modified this decision we are bound by it. The appellants also contend that the court erred in allowing evidence of the effect of the noise, and of the construction, maintenance and operation of the road upon the business carried on by the plaintiff in his premises. The true view of law in that respect was laid down by this court in this case on a former appeal, reported in 50 Super. Ct. 311. The charge of the judge was in har *556 mony with the decision of this court in that case, and of the court of appeals in the case of Drucker v. The Manhattan Elevated Railway Co., 106 N. Y. 157.”
Davies & Sapallo, for appellants.
W. W. Badger, for respondent.
Opinion by Tbuax, J.; Sedgwick, Ch. J., concurred.
Judgment and order affirmed with costs.