MOSNER *v.* ROME, W. & O. R. Co.

(*Supreme Court, General Term, Fourth Department.* January, 1889.)

NUISANCE—MAINTAINING RAILROAD IN STREET.

    In an action against a railroad company for maintaining and operating its road in the street on which plaintiff's property was situated, it appeared that defendant and its predecessor had operated the road in the manner complained of before plaintiff acquired title to the premises. The court found as facts that defendant was authorized to maintain its road, but that it was not authorized to store empty cars on the track in front of plaintiff's property, and as a conclusion of law that plaintiff was entitled to damages therefor, and to an injunction against the further use of the track in front of plaintiff's property for the storage of cars. It did not appear when the street was opened, or what rights were reserved by the owners of property on it, or what rights the city or defendant's predecessor acquired. *Held*, that the conclusion of law was not justified by the evidence.

Appeal from special term, Onondaga county.

Action by Michael Mosner against the Rome, Watertown & Ogdensburg Railroad Company for damages and for an injunction. Defendant appeals.

Argued before FOLLETT, P. J., and MARTIN and KENNEDY, JJ.

*Edmund B. Wynn,* for appellant.　*Martin A. Knapp,* for respondent.

FOLLETT, P. J. Appeal from a judgment entered upon a decision of the special term, and heard in this court upon a case which contains all of the evidence. In 1871 the Syracuse Northern Railroad Company laid a single main track through Marsh street, in Syracuse, from Division street, 1,400 feet south, to its station on Laurel street, which is the southern terminus of the railroad. Marsh street is 66 feet wide. The gauge of the track of this railroad is 4 feet $8\frac{1}{2}$ inches, and the rails of said main track are about equi-

distant from the center line of the street. At a point about 200 feet south of Division street a siding diverges from the main track, on the west side thereof, and extends south, through Marsh street, to the station. At a point about 100 feet south of plaintiff's premises (hereafter described) two sidings diverge from the main track, on the east side thereof, and extend south, through Marsh street, to the station. In 1875 the defendant acquired this railroad, with all of the property, rights, and franchises thereunto appertaining, and has ever since operated the railroad, and owned and controlled said property, rights, and franchises. March 1, 1874, Michael Riley conveyed to the plaintiff, who has since owned and occupied, a dwelling-house and lot on the east side of Marsh street; the lot being about three rods wide, north and south, and about nine rods long, east and west, and is bounded on the west by said street.

This action was begun July 17, 1884, to recover: (1) The damages caused by maintaining the east half of the main track on the plaintiff's land, and operating the road thereon. (2) The damages arising from the noise, smoke, offensive odors, and obstructions to freely passing between said lot and the other streets in said city, caused by the existence and operation of said road in said street. (3) A permanent injunction, restraining the operation of the road on the plaintiff's land, or in the street.

The plaintiff alleges in his complaint that the tracks were laid and maintained in Marsh street without the authority of the plaintiff, his grantor, or of the city of Syracuse, and that the right to use the tracks has never been acquired. This allegation is denied in the answer, but no evidence was given by either party upon this issue; the court finding: "(11) No evidence was given upon the trial by either party to show how the Syracuse Northern Railroad Company obtained the right to lay its tracks and operate its road in Marsh street, or whether or not any such right or license ever had been obtained from the owners of adjacent property, or from the city of Syracuse, or from any other person, except the fact that the said company had constructed and operated said tracks and occupied said street, as hereinbefore found, from 1871 to 1875." Among other findings of fact, the court found: "(14) During all the time that the defendant has owned and operated said railroad the defendant has used each of the tracks in Marsh street hereinbefore mentioned, except the main track in the center of the street, for the storage and deposit of cars when not in use by said defendant, which storage and deposit have made said street less convenient to the public at large using said street, and have caused special inconvenience and damage to the plaintiff, who is an abutting owner on said street, and the only access to whose premises is by said street, by preventing convenient access to his premises, and seriously interfering with the enjoyment of his easement and rights in said street as an abutting owner. (15) The damage to the plaintiff from such use of Marsh street by the defendant is fifty dollars."

### CONCLUSIONS OF LAW.

"(1) The plaintiff is not entitled upon the evidence to recover damages for the use and occupation of Marsh street by the defendant with its railroad tracks, or to an injunction to restrain such use. (2) The plaintiff is not entitled upon the evidence to a decree for any part of the relief specifically asked for in the complaint, except damages for the storage and deposit of cars by the defendant in said street, as found in the fourteenth finding of fact. (3) The plaintiff is entitled to an injunction restraining the defendant from using its tracks in Marsh street in front of, and in the immediate neighborhood of, plaintiff's residence, for the storage and deposit of cars, when not in use by the defendant, so as to obstruct or interfere with the use or enjoyment of the street by the plaintiff as an abutting owner, and for fifty dollars' damages." The plaintiff has not excepted to the decision of the court, nor appealed from any part of the judgment. The defendant excepted to the second and third conclusions of law, and appealed from the whole judgment, but did not, so

far as the record shows, request the court to find any facts, nor does the record show that defendant is in any way dissatisfied with the findings of fact.

The plaintiff alleges in his complaint that he is the owner of the land in Marsh street east of its center line, and adjoining his lot, which the defendant denies. In the fourteenth finding of fact it is found that "the plaintiff is an abutting owner on said street," and he is held in the third conclusion of law to be "an abutting owner." This is equivalent to a finding and conclusion that the plaintiff has no title to the land within the street, but that his land is bounded on the west by the east side of the street. Lots abutting a street are at the side of the street. See "Abutting," Abb. Law Dict.; Whart. Law Dict.; Worcest. Dict.; *Story* v. *Railroad Co.,* 90 N. Y. 122; *Lahr* v. *Railroad Co.,* 104 N. Y. 269, 10 N. E. Rep. 528; *Drucker* v. *Railroad Co.,* 106 N. Y. 157, 12 N. E. Rep. 568. It is apparent that the learned trial judge intended to decide that the plaintiff did not own the fee of the land to the center of the street, because the judgment rests solely upon the injury to plaintiff's easement as an abutting owner.

The appellant urges that the court erred in giving judgment for the plaintiff without evidence tending to establish that the defendant, or its predecessor, had not acquired the right to maintain and use the tracks in the manner in which the court found that they were maintained and used by the defendant.

The first and second conclusions of law rest either upon the presumption that the defendant had, as against the plaintiff, acquired the right to maintain and operate the tracks in this street, or upon the failure of the plaintiff to prove that the defendant had not acquired the right to maintain and operate the tracks.

The third conclusion of law and the plaintiff's recovery rest solely upon the presumption that the defendant had not acquired the right to use, in a particular way, tracks which it was authorized to maintain and operate. The only facts from which presumptions can be drawn as to the extent of the right of the public, the plaintiff, or of the defendant in this street are that the street has been used as a public street for 30 years; that the defendant's predecessor was incorporated under the general railroad act in 1868, and in 1871 laid the tracks, which have since been maintained and operated; and that in March, 1874, the plaintiff acquired title to his lot. The evidence does not disclose when Marsh street was opened, the extent of the interest acquired by the city, nor the extent of the interest reserved in favor of the property on the street. It does not appear who owned the plaintiff's lot when the tracks were laid, or who owed the lot between that time and the time when the plaintiff's grantor acquired title, if he had any, or the extent of his interest in the lot or street. The occupancy of the street by the defendant and by its predecessor antedates the occupancy of the plaintiff, and the presumption that the defendant, or its predecessor, had not acquired from any former owner the right to use the street as against the plaintiff, as it was being used when the plaintiff acquired his title, but had been all these years a wrong-doer, is not sustained by the rules of evidence. For this error the judgment must be reversed, and a new trial granted, with costs to abide the event.