STIRN *et al. v.* METROPOLITAN EL. RY. Co. *et al.*

(*Supreme Court, General Term, First Department.   January 28, 1889.*)

EMINENT DOMAIN—USE OF STREET BY RAILROAD COMPANY—ABUTTING OWNERS.
    In an action by abutting property owners for damages caused by the operation of an elevated railroad in the street in front of plaintiffs' premises, the likelihood of the erection by defendants of a station for passengers, in front of plaintiffs premises, may be taken into account by the trial court in ascertaining the future damages.

Appeal from special term, New York county; BEACH, Judge.
    Action by Bernard Stirn and Samuel Stirn against the Manhattan Elevated Railway Company and the Metropolitan Elevated Railway Company for damages for past injuries to premises owned by plaintiffs, in front of which defendants operated their elevated railroad, and also for an injunction of the operation of said road.     There was a judgment for plaintiffs for $8,281.66 damages, and an injunction restraining the operation by the defendants of their railroad in front of the plaintiff's premises, unless, within a period of 30 days, the defendants cause said easement appurtenant to said premises to be taken and paid for, or to be acquired.     But, in case of a tender to the plaintiffs within 30 days from the date of the judgment of the sum of $13,500, the plaintiffs were required to deliver up to the defendants a conveyance and release of all future damages by reason of the acts of the defendants.     Defendants appeal.
    Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.
    *Julien T. Davies*, for appellants.     *W. G. Peckham*, for respondents.

MACOMBER, J. The thirteenth, fourteenth, and seventeenth findings of fact state that the plaintiffs' premises on Sixth avenue were injured by the acts of the defendants, in that light was partially obscured and air partially excluded therefrom, and that steam and smoke, together with grease, oil, water, and cinders fell in the vicinity of the building from passing trains. Findings 21½ et seq. show that like damages were sustained by the plaintiffs to their property, situated on South Fifth avenue, during the same period. The learned counsel for the appellants is entirely correct in the proposition that upon an appeal from the special term, in an equity case, it is incumbent upon this court to examine into the facts, and if, upon the whole case, a different conclusion is arrived at than that of the trial judge, a reversal should follow. A somewhat attentive perusal of the case enables us to say that the damages awarded by the special term, and the estimate made for future damages, are borne out by a clear preponderance of evidence in behalf of the plaintiffs. In so far as the same was applicable, the measure of damages in the case of *Drucker* v. *Railway Co.*, 106 N. Y. 157, 12 N. E. Rep. 568, has been adopted and applied with discrimination to the facts peculiar to this case. A criticism has been made to the effect that damages appear to have been based in part upon the fact that the company maintained in front of the plaintiffs' premises, or a portion thereof, a station for receiving and discharging passengers. There is, indeed, no station there at present, but there is nothing to prevent the defendants from erecting one there, if it should become convenient for them to do so, and we cannot say that the likelihood of such erection being made at some time in the future was not one of the elements to be taken into account by the trial court in ascertaining the future damages accompanying the use by the defendants of their railway. The judgment should be affirmed, with costs.