### BIGGART *v.* MANHATTAN RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* January 5, 1891.)

EMINENT DOMAIN—COMPENSATION—ELEMENTS OF DAMAGE.

> In an action, the judgment in which awarded an injunction against the maintenance of defendants' railroad in the highway in front of plaintiff's property, with a condition that it should be inoperative on payment of a certain sum, and also awarded damages for past injury to the property, a refusal of the referee to find, as a conclusion of law, that plaintiff could not recover for deterioration of the neighborhood, even if error, is not ground for reversal, as affecting the amount to be paid to arrest the injunction, or as affecting the recovery of damages, as it will not be assumed that any damages were allowed for such deterioration as a substantive ground of recovery, particularly where no such claim was made by plaintiff.

Appeal from judgment on report of referees.

Action by Robert Biggart against the Manhattan Railway Company and the New York Elevated Railroad Company. Defendants appeal from a judgment for plaintiff entered on the report of three referees.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo*, (*Julien T. Davies* and *Brainard Tolles*, of counsel,) for appellants. *John A. Weekes, Jr.*, (*Henry A. Foster*, of counsel,) for respondent.

PRYOR, J. Appeal from a judgment of injunction and for damages. Action to restrain the maintenance and operation of defendants' railway along the highway in front of plaintiff's premises, and to recover for past injuries to plaintiff's property from the presence and operation of said railway. The single error urged in impeachment of the judgment is the refusal of the referees by whom the case was tried to find, as a conclusion of law, that "plaintiff is not entitled to recover damages for deterioration of the neighborhood caused by the construction and operation of defendants' road." So far as this refusal may be supposed to affect the amount to be paid by defendants in avoidance of the injunction, if error at all, it is not an error available for reversal of the judgment. *Lawrence* v. *Railway Co.*, *ante*, 546, (now decided.) But the refusal of the finding is no error, even in respect of the recovery for past damages. It is a preposterous assumption that the learned referees allowed anything to plaintiff, as a substantive ground for recovery, for the deterioration of the neighborhood, *i. e.*, for injury to other people's property;

and a court cannot, with propriety, be called upon to negative an obviously afid indisputably absurd proposition. Besides, the conclusion of law propounded by defendants was utterly irrelevant to any claim of plaintiff apparent in the complaint or presented on the trial, and for that reason alone was properly rejected by the referees. But that the fact of the deterioration of the neighborhood caused by defendants' railroad was competent and relevant evidence on the issue as to the deterioration of plaintiff's property, is expressly affirmed in *Drucker's Case*, 106 N. Y. 157, 12 N. E. Rep. 568, where the court say: "To measure and appreciate the individual loss to plaintiff, the nature and extent of the general injury was properly and necessarily considered." We see no error in the record, and the judgment must be affirmed.

All concur.