62  465
6ap 54

GEORGE MUNDORF, RESPONDENT, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY AND THE MANHATTAN RAILWAY COMPANY, APPELLANTS.

*Negligence — elevated railroads — the possibility of fire is not a proper element of damages.*

In an equitable action brought to restrain the elevated railroads of the city of New York from maintaining and operating their road in front of the premises of the plaintiff, the plaintiff was allowed to introduce evidence tending to show that the house had been set on fire from something which came in the window, the evidence leaving its source undetermined.

*Held,* that such evidence was incompetent.

That as the complaint contained no allegation of negligence in the manner in which the roads were managed, and as unusual damages of this nature, even if possible, were not an element which could properly be considered in fixing the value of the easement, the evidence, though indefinite in its character, should not have been admitted.

APPEAL by the defendants, the New York Elevated Railroad Company and the Manhattan Railway Company, from a judgment, entered, after a trial before a referee, in the office of the clerk of the city and county of New York on the 4th day of June, 1891, in favor of the plaintiff for $476.66 damages, and granting an injunction in case of the failure of the defendants to purchase the easements used by them at a specified price.

*Davies, Short & Townsend,* for the appellants.

*E. A. Hibbard,* for the respondent.

Van Brunt, P. J.:

This action was the ordinary equity action to restrain the defendants from maintaining and operating their railroad in front of the plaintiff's premises, No. 724 Ninth avenue.

It seems to us that a fatal error was committed in the admission of testimony upon the trial of this action. A witness, who had formerly been a tenant of No. 742 Ninth avenue, a building at a considerable distance from the one in question, was asked : " Do you know about the old frame house catching fire ? A. Yes, sir. Q. How did it catch fire ? " This question was objected to, and admitted under exception. The witness then answered as follows : "A. Well, it was in the summer time, about the 5th of July, and I couldn't say whether it was from the sidewalk or the elevated station, or whether there was something thrown in through the windows ; I couldn't tell whether it was from the station or not, but I know it was right in the locality of the station ; but I couldn't say whether it was from the walk or the station ; the fuse, or whatever it was, came into the bed-room and set fire to the bed-room ; I was in bed in the other room at the time ; I don't know what it was, or where it came from ; the room was set on fire, anyway, whether it was mischievous boys or not ; this was on the floor above the store ; it was a bed-room for the children ; it was used for a part of my family ; but whether it was a fire-cracker that set it on fire or not, I don't know."

The admission of this question seems to have been entirely unjustifiable, because there was no allegation in the complaint of negligence in the manner in which the defendants managed their railroad ; and there being nothing in this proceeding by which the plaintiff could compel the defendant to pay for the right to negligently cast fire towards the plaintiff's premises in the future, there was no such element of damage to be ascertained in determining the value of the easement in question. And, furthermore, it was evidence in respect to other premises than those in question.

If it be said that the answer was indefinite as to the cause from which the fire came, it is sufficient to say it is impossible for us to determine whether the referee was of the opinion that the fire came from the elevated road or not. He deemed it important to show that other premises had been endangered by the negligence of the com-

pany in the management of their road, and that the danger of setting on fire the premises bordering on the road was a fact to be taken into consideration in determining the measure of damages.

It is a familiar principle that in proceedings of this character the damages which may possibly result from the negligent or unskillful operation of the road must be excluded from consideration. Such damages may never be sustained, and if they did occur the party aggrieved may have an independent remedy therefor. It is only the ordinary damages or risks not resulting from negligence that can be taken into consideration in estimating damages to the land only.

The judgment must be reversed, and a new trial ordered before another referee, with costs to appellant to abide event.

DANIELS and BARRETT, JJ., concurred.

Judgment reversed and new trial ordered before another referee, with costs to appellant to abide event.