Per Curiam.
This is an action for an injunction against the defendants maintaining and operating their elevated railroad in front of the premises of plaintiff.
The referee refused to find, at the request of defendants’ attorney, that the sum fixed, if any, to be paid as an alternative for avoiding the injunction shall not include damages to be caused in the future bv the running of trains, i. e., include the damages to be caused in the future by noise, dirt, cinders, steam, smoke and odors incidental to the operation of the trains in the future. The learned referee was correct in his action. The running of trains in the future would be a taking of plaintiffs’ 'easement. As to the damages to be caused in the future, the request was at least *828 partly invalid. For conceding that the effect of noise would not be a lessening of the easement, certain of the other particulars would be. “ Smoke and gas, ashes and cinders affect and impair the easement of air. The structure itself and the passage of cars lessen the easement of light, etc., etc." Drucker case, 106 N. Y., 157; 8 St. Rep., 599; Am. Bank Note Co. v. N. Y. Elevated R. Co., 41 St. Rep., 531. The referee did not include the effect of noise in his estimation of the value of plaintiffs’ easement.
Judgment affirmed, with costs.
Sedgwick, Oh. J., Dugro and Gildersleeve, JJ., concur.