KATHERINE VAN RENSSELAER and Another, as Executrices, etc., of CATHARINE W. VAN RENSSELAER, Deceased, Respondents, *v.* HORATIO D. MOULD, Appellant.

*Damages for trespass — an incorrect measure of damages adopted at the appellant's request, not a ground of reversal — the amount thereof is a question of fact.*

In an action to recover damages for trespass, when the rule adopted by the referee for measuring the damage was adopted at the special request of the defendant, he cannot challenge the correctness thereof upon an appeal from the judgment rendered against him in such action, whether the rule laid down be correct or incorrect.

In an action to recover damages, which are represented by the value of the right of the plaintiff to sell to others the privilege of cutting and removing certain ice, the value of such right is a question of fact for the referee to determine from the evidence.

APPEAL by the defendant, Horatio D. Mould, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Rensselaer on the 1st day of February, 1893, upon the report of a referee.

This action was commenced originally by the testatrix, Catharine W. Van Rensselaer, and was brought to recover damages sustained by the plaintiff by reason of certain alleged trespasses committed by the defendant; the complaint alleged that the defendant at various times wrongfully and unlawfully entered upon the premises of the plaintiffs, situated on the Hudson river, and wrongfully and unlawfully cut from such river 9,000 tons of ice to the plaintiffs' damage in the amount of $2,250.

*Esek Cowen,* for the appellant.

*Richard W. Brass* and *William F. Beutler,* for the respondents.

HERRICK, J. :

There seems to be no question in this case but that the defendant for a series of years trespassed upon the property of the plaintiffs' testatrix, and took and carried away ice therefrom, without permission, and against her repeated warnings and protests.

It is not seriously contested but that the plaintiffs are entitled

to recover damages for such trespass ; the only serious question in the case is as to the measure of damage adopted by the referee.

I do not see that appellant can justly complain of the ruling of the referee, for in response to his request the referee found, " That, under the circumstances of this case, the true measure of damages is the value to the plaintiffs' testatrix of the right to sell to others the privilege of cutting and removing the ice in question," and that was the rule adopted by the referee.

The rule for measuring the damage thus adopted, whether correct or incorrect, was adopted by the referee at the defendant's special request, and he cannot now challenge its correctness.

What the value of that right was, was a question of fact for the referee to determine from all the evidence before him, and all the evidence bearing upon that question which from the nature of the case could be given seems to have been given, and from it the good sense of the referee had to be exercised to arrive at a proper conclusion.    (*Drucker* v. *Manhattan R. Co.*, 106 N. Y. 157–164.)

From the conclusion at which he arrived upon such question of fact, I can find nothing in the evidence that justifies me in concluding that he erred and found a value for the right in question not justified by the evidence.

Judgment, therefore, should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.