(11 Misc. Rep. 197.)

BRIGGS v. KNICKERBOCKER ICE CO.

(Supreme Court, Special Term, Albany County.   January 21, 1895.)

1. RIPARIAN RIGHTS—ICE ON NAVIGABLE STREAM.
    Riparian owners on navigable streams have no title to ice which forms on such streams, as an incident to their ownership of the bank.
2. INJUNCTION—EFFECT OF STATUTE GIVING LEGAL REMEDY.
    Laws 1879, c. 388, giving riparian owners on the Hudson river title to the ice to the center of the channel, and providing that any person trespassing on or taking the same shall be liable for the value of the ice taken or for injury done to it, does not authorize an injunction against cutting or interfering with such ice, as the remedy given by the statute is exclusive.

Action by John N. Briggs against the Knickerbocker Ice Company. Defendant moves to vacate an injunction.   Granted.

Nathaniel Niles and H. A. Peckham, for plaintiff.
John A. Delehanty, for defendant.

HERRICK, J.   This is a motion to vacate an injunction heretofore obtained by the plaintiff, restraining the defendant from cutting or interfering with the ice in the Hudson river in front of the plaintiff's premises and ice house, between the center of the channel of said river and the shore thereof, whereon the plaintiff's house is located,

and said premises situated, and around which ice the plaintiff has placed safeguards, pursuant to chapter 388 of the Laws of 1879. The granting of injunctions preventing the cutting or interfering with ice in the Hudson river, under the statute above referred to, has been common. I have not been referred to, nor have I, in the brief time that I have been able to give to this case, been able to find, any reported decision in any manner bearing upon the statute in question, and I do not know whether the question brought before me has been heretofore raised under said statute. The Hudson river, at the point in question, is a navigable stream, and, under the law of this state, riparian owners have no ownership in the bed of such streams. And I think it may be regarded as the law of this state that the riparian owners upon navigable streams have no title to the ice which forms on such streams, as an incident to their ownership of the bank, but that the ice belongs to the first appropriator. The legislature of the state, by chapter 388 of the Laws of 1879, has conferred upon the owners or occupants of ice houses and premises upon the banks of the Hudson river proprietary rights in the ice to the center of the channel thereof, upon such owners or occupants complying with certain conditions therein set forth; and the plaintiff seeks to bring himself within such statute. It is a statutory right that he is seeking to enforce. The statute, after providing as to who may exercise this right of proprietorship, provides as follows:

"Any person trespassing upon or taking the same for commercial purposes shall be liable to the owner or occupant for the value of the ice so taken or for any injury done to the same."

It thus provides a remedy which he shall have for a violation of his rights. The remedy it provides is one at law, "for the value of the ice so taken, or for any injury done to the same." Such a liability is one to be enforced by an action for damages, not by an action in equity. It is a rule of construction of statutes that when rights are conferred by statute, and remedies provided therein for their protection, such remedies are exclusive. Jessup v. Carnegie, 80 N. Y. 441; In re New York, L. E. & W. R. Co., 110 N. Y. 374, 18 N. E. 120; City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937. I do not undertake to say at this time that when the statutory remedy will afford no redress, or when the defendant is pecuniarily irresponsible, an injunction may not be granted. It is not necessary to decide that question, for there is no claim here that the defendant is not pecuniarily responsible, and no allegation of irreparable damages.

It was claimed upon the argument that, in addition to the rights under the statute, the plaintiff was also entitled to be protected in his possession of the ice, under his rights at common law, as the first appropriator of the ice. Without stopping to consider the question as to whether he has any such rights to be protected, but assuming that he has, the question arises whether he is, under such circumstances, entitled to protection by injunction; the general rule being that an injunction will not be granted when the plaintiff has

an adequate remedy at law. That the owner of ice can recover damages against one wrongfully appropriating it has been established in this department, in the case of Van Rensselaer v. Mould, 77 Hun, 553, 28 N. Y. Supp. 901, as well as in other reported cases in this and other states. See People's Ice Co. v. The Excelsior, 44 Mich. 229, 6 N. W. 636. The difficulty of establishing by proof the amount of the plaintiff's damages in any case where his property or rights have been interfered with, I believe, has never been taken into consideration by the courts in determining whether an injunction should or should not be granted. The violation of some right of a party which is not susceptible of being measured by damages, which has no intrinsic value, but is sentimental in its nature, as the desecration of a family graveyard, or the appropriation of family heirlooms, and rights of that nature, not commercial, and not measurable by money, may appropriately be restrained by injunction. But the right in question here is purely of a commercial nature, and the injury to the owner thereof can be compensated by money. Without discussing the other question raised in the case, I think, for the reasons above stated, the injunction should be vacated. Let an order be entered accordingly, with $10 costs.