(6 App. Div. 53.)

### In re BROOKLYN EL. R. CO.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

ELEVATED RAILROADS—CONDEMNATION OF EASEMENTS—ITEMS OF DAMAGE.

The rule of damage in a proceeding by an elevated railroad to condemn the easements of light, air, and access appurtenant to abutting property is the same as in proceedings by the property owners for the invasion of their property rights by the railroad, and therefore the hazard of fire in the maintenance and operation of the road cannot be considered as an item of damage.

Appeal from special term, Kings county.

Petition by the Brooklyn Elevated Railroad Company to acquire title and right of way in the property of William J. Northridge and others on Myrtle avenue, in the city of Brooklyn. From an order confirming an award of damages made by a majority of the commissioners appointed in the proceeding, petitioner appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

R. Percy Chittenden, for petitioner.
Sidney V. Lowell, for Northridge, owner.

HATCH, J. We are constrained to reverse the order confirming the award of the commissioners, for the reason that a palpably erroneous item of damage entered into the basis upon which the commissioners made their award. The charter of the petitioner gave it the right to maintain and operate a road in and upon the street where the property, the subject of this proceeding, is situate, and it is only to be made liable for damage in so far as it invades, destroys, or impairs the owner's property right therein. The rule of damage is the same whether the proceedings be in invitum, or to recover for damages for the trespass and invasion of the property owner's right. Crampton v. Railroad Co., 3 App. Div. 263, 38 N. Y. Supp. 384. The damages which are to be considered are such as arise from the destruction of light, air, and access. In Drucker v. Railroad Co., 106 N. Y. 157, 12 N. E. 568, it was said:

"Smoke and gases, ashes and cinders, affect and impair the easement of air. The structure itself, and the passage of cars, lessen the easement of light. The dripping of oil and water, and, possibly, the frequent columns, interfere with convenience of access. These are elements of damage, even though the necessary concomitants of the construction and operation of the road, and not the product of negligence; for they abridge the landowner's easement, and, to that extent, at least, are subjects for redress in an action for damages."

In commenting upon this case, and the elements which were to be considered in awarding damages, Judge Finch said:

"But there is no hint of any allowable recovery beyond what, pro tanto, constituted some element of the taking." American Bank Note Co. v. New York El. R. Co., 129 N. Y. 271, 29 N. E. 302.

In none of the elevated railroad cases has the consideration of damages been sustained that excluded these elements. In the present proceeding, the commissioners permitted proof, and considered as a subject of damage, the hazard from fire in the maintenance and operation of the road. It is quite clear, therefore, that to this extent they injected an element not warranted by any of the cases, and which is entirely disconnected from the invasion or taking of any property right. For whatever incidental injury and annoyance arise from the proper and lawful operation of the road, the petitioner would not be liable. For such damage as is sustained by its careless and negligent operation, the property owner has his right of action for the damage sustained, which is perfect, whenever the injury is inflicted. So there is at no time the element of damage by fire to be considered in proceedings in invitum; for, whatever is lawfully done in the operation of the road, it has the guaranty of the state for its protection, found in its chartered rights. For whatever is negligent and wrong in the maintenance and operation, the owner has his remedy by action, and in no view can it be considered in this proceeding. This conclusion finds support in Mundorf v. Railroad Co., 62 Hun, 465, 17 N. Y. Supp. 124.

The order appealed from should be reversed, and new commissioners should be appointed. All concur.