SEARS v. WISE et al.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. MATERIAL MAN'S LIEN—MACHINERY—INSTALLATION—NECESSITY.

Under Laws 1897, c. 418, § 3, giving a mechanic's lien to a material man who furnishes material for the improvement of real property with the owner's consent, and section 2, defining the term "improvement" as including materials furnished for the permanent improvement of real property, a material man furnishing machinery to a landowner, to be placed on the land, under agreement that the buyer should install the machinery, and the seller should thereafter supervise starting and adjusting it, is entitled to a lien on the land for unpaid purchase money, notwithstanding the machinery has not been installed owing to the bankruptcy of the buyer.

2. SAME—BANKRUPTCY ACT—TRUSTEE—APPEARANCE—FAILURE TO CLAIM PROPERTY—EFFECT ON APPEAL.

Where a mechanic's lien is filed the day before the landowner files a petition as a voluntary bankrupt, and two days before he is adjudged a bankrupt, and in a proceeding to enforce the lien the trustee in bankruptcy appears, and the case is tried and foreclosure of the lien adjudged without the trustee's claiming the land under Bankr. Act, § 67, providing that liens obtained through legal proceedings four months prior to the filing of a

petition against a bankrupt shall be deemed void if the adjudication of bankruptcy is made, the trustee having submitted to the jurisdiction of the lower court without claiming the property under the act, is bound by its decision, and the question as to the effect of the act on the lien will not be considered on appeal.

Appeal from trial term, Yates county.

Action by Edwin P. Sears as permanent receiver of the John T. Noye Manufacturing Company, against William N. Wise, as trustee of Russell & Birkett, bankrupts, and Henry Russell. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Calvin J. Huson, for appellants.

William L. Marcy, for respondent.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien. Shortly prior to the 12th day of March, 1899, plaintiff delivered to the firm of Russell & Birkett, at Penn Yan, N. Y., certain milling machinery, pursuant to a contract by which said firm agreed to pay therefor the sum of $1,853. The agreement provided that the purchasers were to install the machinery, and that plaintiff should thereafter supervise starting and adjusting it. A feed mill, of the value of $325, being part of said machinery, was put in operation, adjusted, and accepted during said month of March. The other machinery was to constitute part of a plant for manufacturing brewer's grists and meals. Its installation was delayed first by a fire, and later by the bankruptcy of the firm. On the 12th day of April, 1899, plaintiff duly filed a mechanic's lien against the premises and plant, which were owned by the purchasers, for the contract price of the machinery and interest. On the following day the firm filed a petition in bankruptcy, and were adjudged bankrupts on April 15th. On May 3d thereafter defendant Wise was appointed their trustee in bankruptcy. The answers interposed by the trustee and by the defendant Henry Russell admit that the feed mill was used in repairing the plant, but deny that the other machinery was used in or upon the premises, and also deny that the notice of lien complied with the requirements of the statute. Russell's answer also avers that he holds two mortgages, executed on September 4, 1893, which are prior liens upon the premises. These were the only material issues presented by the pleadings.

It appears from the record, and especially from the motion to dismiss the complaint, made in behalf of both appellants, who appeared by the same attorneys, and by the statement of the trial judge at the close of the evidence, that the case was tried on the part of the defendant upon the theory that plaintiff acquired a valid lien for the value of the feed mill which had been installed, but not for the other machinery, because it had not been installed. Section 3 of the mechanic's lien law, being chapter 418, Laws 1897, provides as follows:

"Sec. 3. Mechanic's Lien on Real Property. A contractor, subcontractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor, shall have a lien for

the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this article."

The preceding section provides that the term "improvement," as used in that chapter, "includes the erection, alteration or repair of any structure upon, connected with, or beneath the surface of, any real property, and any work done upon such property, or materials furnished for its permanent improvement." The plaintiff performed his contract excepting as he was prevented by the failure of said firm and of its trustee in bankruptcy to install the machinery. The materials were furnished and delivered for the permanent improvement of the premises against which a lien is claimed. The legislature has directed that this lien law shall be interpreted liberally, "to secure the beneficial interests and purposes thereof." On these facts such a construction requires that a lien be declared in favor of the plaintiff for the machinery delivered and not installed, as well as for that actually installed. The appellants contend on this appeal that, the notice of lien having been filed within four months previous to filing the petition in bankruptcy, it is rendered null and void by section 67 of the bankruptcy act, which provides as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void and in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

The federal decisions are not in harmony as to whether this provision applies to cases of voluntary bankruptcy. Other interesting questions as to whether the lien was acquired in good faith to secure a present, as distinguished from a past, indebtedness, which would bring it within the saving clause of subdivision "d" of said section; as to whether the lien is given by the statute, the filing of the notice being merely a condition subsequent to prevent the loss of the lien; as to whether the lien was obtained "through legal proceedings," within the contemplation of said subdivision "f" of section 67,—would require careful consideration were the question now raised as to the effect of the bankruptcy law properly presented. Some of these questions would largely depend upon technical distinctions on the facts. In re Vaughan (D. C.) 97 Fed. 560; In re Emslie (D. C.) 97 Fed. 929; Id., 98 Fed. 716; In re Kerby-Denis Co. (D. C.) 94 Fed. 818, affirmed in (D. C.) 95 Fed. 116; In re Dey, 9 Blatchf. 285, Fed. Cas. No. 3,871. Much of the evidence was stipulated upon the trial. Had this question been raised by answer, or suggested below, doubtless more care would have been taken in presenting the proofs and in making the findings as to the relative time of delivery of the material and filing of the lien and the circumstances attending each, and the precise nature of the work remaining to be done. It is possible that it might also have been shown

that, owing to the mortgages held by the appellant Russell, which were not proved, the estate of the bankrupts is not interested in the litigation. If so, the lien would, in any event, be valid as against the mortgagee, and the trustee, having submitted to the jurisdiction of the court without claiming the property under the bankruptcy act, is bound by its decision. Alden v. Railroad Co., 5 N. B. R. 230, Fed. Cas. No. 152; Reed v. McIntyre, 98 U. S. 507, 25 L. Ed. 171; Dodge v. Sheldon, 6 Hill, 9; Everett v. Stone, 3 Story, 446, Fed. Cas. No. 4,577; Seaman v. Stoughton, 3 Barb. Ch. 348; In re Biesenthal, 15 N. B. R. 228, Fed. Cas. No. 1,236; Eyster v. Gaff, 91 U. S. 524, 23 L. Ed. 403; Winchester v. Heiskell, 119 U. S. 450, 7 Sup. Ct. 281, 30 L. Ed. 462; Scott v. Kelly, 22 Wall. 57, 22 L. Ed. 729; Mays v. Fritton, 20 Wall. 414, 22 L. Ed. 389. For these reasons we think the rule should be here applied that a case must be disposed of on appeal on the theory on which it has been tried. Drucker v. Railway Co., 106 N. Y. 157, 12 N. E. 568; Martin v. Bank, 160 N. Y. 199, 54 N. E. 717; Ringle v. Iron Works, 85 Hun, 279, 32 N. Y. Supp. 1011; Post v. Railway Co., 125 N. Y. 697, 26 N. E. 14; Cornell v. Dakin, 38 N. Y. 256; Stapenhorst v. Wolff, 65 N. Y. 596; Hooper v. Beecher, 4 N. Y. St. Rep. 473.

It follows that the judgment appealed from should be affirmed, with costs. All concur.