Rapid Fireproof Door Co., Inc., Respondent, *v.* Largo Corporation, Appellant, Impleaded with Paul Chapman, Defendant.

Second Department, April 16, 1926.

Liens — mechanic's lien — foreclosure — plaintiff filed lien and subsequently mortgages on premises were foreclosed — plaintiff was named as defendant in foreclosure proceedings and appeared and interposed answer which was stricken out — part of material had not been used at time of foreclosure — second lien was filed after foreclosure and sale — plaintiff had right under Lien Law, § 3, to lien on all materials whether used or unused — election to file lien made unused material part of premises — said material passed to purchaser on foreclosure free of lien — mere error in description of premises did not affect first lien.

A materialman has the right, under section 3 of the Lien Law, to file a lien for all materials furnished whether they have been incorporated in the building or not, and when he elects to file a lien for all materials furnished, the unused materials thereby become a part of the premises and subject to the sale in proceedings to foreclose a mortgage against the premises.

Accordingly, the plaintiff, who filed a lien for materials used and unused against the original owner, could not, after the premises had been sold in proceedings to foreclose the real estate mortgage, file a lien against the same premises, since it appears that the plaintiff who was named a defendant in the mortgage foreclosure proceedings, appeared and interposed an answer which was stricken out. The unused materials which were subsequently used by the purchaser in the mortgage foreclosure proceedings were a part of the premises at the time of the mortgage foreclosure sale and were sold free of the lien.

The mere fact that the first lien filed by the plaintiff did not describe the premises against which he filed the second lien, but by some error described the adjoining lot, does not affect the result.

Kelly, P. J., dissents.

Appeal by the defendant, Largo Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 7th day of March,

1925, upon the decision of the court rendered after a trial at the Nassau Special Term in an action to foreclose a mechanic's lien.

*Edward A. Brown,* for the appellant.

*H. J. Reit* [*Seth V. Elting* with him on the brief], for the respondent.

JAYCOX, J. On the 2d day of May, 1922, the plaintiff entered into a contract with the Norab Realty Co., Inc., to furnish and erect certain kalamein, tin clad and copper covered material, including doors, windows, sashes, etc., and certain hardware incidental thereto, to be used in connection with a certain theatre to be erected, or being erected, by the Norab Realty Co., Inc., upon certain premises owned by it at Great Neck in the town of North Hempstead, county of Nassau. The plaintiff proceeded with the contract, furnished certain materials, performed labor and delivered certain metal covered doors, frames, sashes, etc., a part of which were installed in said building and a part of which were not so installed. The plaintiff then claims that it was prevented from further performing its contract by the fact that the Norab Realty Co., Inc., refused to make payments in accordance with the contract and by reason of the fact that certain holders of mortgages affecting the premises commenced actions in foreclosure. On the 7th day of July, 1923, the plaintiff filed a mechanic's lien in the office of the clerk of the county of Nassau claiming that " the amount unpaid to the lienor for said material is $5,120.00. The amount unpaid to the lienor for such material to be furnished is $700.00." Thereafter, and in about the month of September, 1923, two actions were instituted to foreclose mortgages affecting said premises. The plaintiff herein was included as a defendant in each of those actions and was duly served with the summons and complaint in each of said actions, duly appeared therein and interposed an answer, which was later stricken out. A decree of foreclosure was duly entered and the referee therein named sold the premises and the appellant became the purchaser thereof. Later, and on the 13th day of August, 1924, this plaintiff filed another mechanic's lien. This mechanic's lien is for materials only, and recites the furnishing of said materials between the 2d day of May, 1922, the date of the contract above recited, and the 20th day of March, 1923, being the same day recited in the previous mechanic's lien as the date when the last materials were furnished. The amount of the lien is $5,820, the same amount recited as due for materials in the previous mechanic's lien. In addition to the recitals above referred to there is a recital that the time the last item of materials was furnished was June 26, 1924. It is apparent

from this lien that the same materials are referred to as were the subject of the previous lien. In the clause which states that the materials were furnished between the 2d day of May, 1922, and the 20th day of March, 1923, it is recited that the lienor, the plaintiff, " was prevented by an action against the Norab Realty Company, Inc., to foreclose the mortgage on the said property (commenced and instituted by the holder or holders of the mortgage or mortgages on said property) from continuing with the performance of the said contract; the said foreclosure action resulted in the sale of the premises by a referee duly appointed by the Supreme Court, to the Largo Corporation, the present owner of record; that thereafter the present owner of record completed the construction of the building on the said premises and did, in the course of the said construction, without the consent or privity of this lienor, take, use and apply the materials theretofore delivered to the said premises, by this lienor to the building, the value of the said material so taken and used by the Largo Corporation is Five thousand, eight hundred and twenty ($5,820.00) Dollars." The action is instituted upon the theory indicated in the lien. That theory is that the title to the materials furnished by the plaintiff, and not yet consolidated into the building, so as to become an integral part thereof, did not pass under the foreclosure but remained in this plaintiff, and when thereafter the Largo Corporation made use of said materials to complete the building, that that constituted a delivery of the materials to the Largo Corporation, permitted the plaintiff to file a lien therefor, and to foreclose the same in this action.

After the plaintiff had furnished the materials to the Norab Realty Company and that company failed to make payments in accordance with its contract, the plaintiff had the right to file a lien, as it did, for all the materials furnished, whether they had been incorporated into the building or not. (Lien Law, § 3.) This section provides that a materialman, who furnishes materials for the improvement of real property with the consent or at the request of the owner, shall have a lien for the value of such materials upon the real property improved or to be improved and upon such improvement from the time of filing a notice of such lien. From this summary of the section in question, I think, it is clear that from the time such materials were furnished, without regard to whether they were made a part of the building or not, the materialman has the right to a lien. (*Sears* v. *Wise*, 52 App. Div. 118.) In that case the court, by LAUGHLIN, J., said: " The materials were furnished and delivered for the permanent improvement of the premises against which a lien is claimed. The Legislature has directed

that this Lien Law shall be interpreted liberally ' to secure the beneficial interests and purposes thereof.' (§ 22.)* On these facts such a construction requires that a lien be declared in favor of the plaintiff for the machinery delivered and not installed, as well as for that actually installed." (See, also, *Giant Portland Cement Co. v. State,* 232 N. Y. 395.) The plaintiff, therefore, properly claimed in its first lien filed that it had a lien on the premises for all the materials furnished, whether incorporated in the building or not. If at that time the plaintiff had any other remedy, it elected to take advantage of this remedy and is concluded thereby. (*American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61.) By this election the materials furnished became a part of the premises and subject to sale in an action instituted by this lienor or any other lienor. Therefore, when the premises were sold in an action brought to foreclose underlying mortgages thereon, the plaintiff's title or interest therein became vested in the purchaser at the foreclosure sale.

The plaintiff now claims that the first lien filed by it did not describe the premises which are now the subject of this action, but by some error described the adjoining lot. I think this does not affect the result. The plaintiff was made a party to the foreclosure action. It was made a party because of the lien filed by it. By its notice filed it had declared its intention of making these materials a part of the premises upon which they had been furnished. The foreclosure action was notice that the plaintiff in that action claimed the right to exclude the plaintiff from any right or interest in or lien upon the premises. If the plaintiff in this action had any defense to that action it should have been interposed. As the plaintiff did interpose an answer in that action, it must be assumed that it alleged in its answer all its defenses. The purchaser, therefore, at the sale under the foreclosure, I think, took the premises, together with the materials which this plaintiff had furnished, free and clear of any interest of this plaintiff.

The judgment should be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs.

Rich, Kapper and Lazansky, JJ., concur; Kelly, P. J., dissents.

Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs.

---

* See Lien Law of 1897, § 22; now Lien Law of 1909, § 23.— [Rep.]