WILLIAM FORSYTHE, TRUSTEE, ET AL., Respondents, v. BALTIMORE & OHIO TELEGRAPH COMPANY, Appellant.

### July 27, 1882.

1. The right to erect telegraph poles in the streets of a city does not carry with it the right to erect broken and unsightly poles.

2. The discretion reposed in the board of public improvements will not be revised if exercised within the limits of the power conferred by the legislature.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Reversed and remanded.*

G. POLLARD, for the appellant.

F. J. BOWMAN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This case presents substantially the same questions as those presented in the case of *Gay* v. *Mutual Union Telegraph*

*Company* (*ante*, p. 485)  The circuit court enjoined the defendant, a telegraph company, from erecting a telegraph pole on the southwest corner of Second and Chestnut streets in St. Louis.  The original dimensions of the pole were about forty-five feet in length, and fifteen inches in diameter at the point where it enters the surface of the sidewalk.  The defendants, having obtained authority from the board of public improvements to run their telegraph line from Chouteau Avenue along the west side of Second Street to Pine Street, proceeded to put up the pole in question.  It was sawed down by some one, and, in falling, the top broke off, and it became cracked and split so as to be unsightly and perhaps dangerous.  Nevertheless the defendants attempted afterwards to put up the broken pole, and the injunction restrains them from so doing.

It appears that the pole, if erected, leaves a passage-way of four feet and three inches between it and the plaintiff's building.  This building stands two feet further into the sidewalk than the adjacent buildings, though it is placed on the line of the plaintiff's lot.  It would seem that the contiguous property-owners, in order to enlarge the sidewalk, have erected their buildings two feet inside the line of the street.  The plaintiff is the owner of the fee, but there is no evidence of any injury to the fee.  See *O'Linda* v. *Lothrop*, 21 Pick. 292 ; *Atlantic, etc., R. Co.* v. *St. Louis*, 66 Mo. 259.  The only injury claimed is an injury to the easement — an obstruction to travel.

The evidence does not satisfy us that any substantial damages will accrue to the plaintiff from the erection of a good and shapely pole in the place and of the dimensions of this pole before it was broken.   It is shown that there is more room for the erection of a pole on the opposite corner, but that furnishes no reason why we can enjoin the erection of this pole here.  There may be reasons known to the board of public improvements, and not disclosed by this record,

why it should not be erected there — an area, water-pipes, gas-pipes, or sewer-pipes under the pavement. Besides, the property-owners there may have widened the sidewalk by building inside the line of the street, just as this plaintiff's immediate neighbors appear to have done. If so, the fact that they have given to the public some of their land would furnish no reason why this pole should be placed on their corner rather than on the plaintiff's corner. But, under the ordinance set out in the case of *Gay* v. *Mutual Union Telegraph Company* (*supra*), it is for the board of public improvements, and not for us, to decide upon the location of this pole. It is a legislative discretion reposed in them, as much as the location of a road or sewer, and it cannot be revised by the judicial courts as long as it is exercised within the limits of the power conferred by the charter and laws of the state.

It is not necessary to consider the effect of the clause of the constitution of this state which provides that private property shall not be taken or damaged for public use without just compensation (Const., Art. I., sect. 21), because we are all agreed that no damage is shown in this case within the meaning of this provision.

We are clear that this is no case for enjoining the defendants from erecting a shapely pole, such as complies with the terms of the ordinance ; though the permit granted them by the board of public improvements, under the authority conferred by the ordinance, does not warrant them in erecting a broken and unshapely pole, such as that shown in the evidence. The bill will not be dismissed, but the injunction should be modified so as to permit the defendants to erect a shapely pole conforming to the specifications of the ordinance, of the same size as the original pole which they attempted to erect here.

Reversed and remanded. All the judges concur.