FREDERICK M. PEYSER, Appellant, *against* THE METROPOLITAN ELEVATED RAILWAY COMPANY, Respondent.

(Decided March 15th, 1883.)

The owner of land in the city of New York, abutting upon a public street opened under the act of April 9th, 1813 (L. 1813, c. 86), is entitled to damages where light, air and access to such land are interfered with by the erection, maintenance and operation of an elevated railroad in such street; the presumption being that such abutting owners were assessed and paid for the benefits which the opening of the street would confer upon their property.

APPEAL from a judgment of this court entered upon the report of a referee.

The action was brought to recover damages for injuries to certain real estate of the plaintiff on West Third Street (formerly Amity Street), in the city of New York, from the erection, existence, and operation of the elevated railway of the defendant, upon that street, in front of plaintiff's property. Upon trial before a referee, he reported in favor of the defendant, and judgment for defendant was entered upon his report. From the judgment the plaintiff appealed.

*Homer H. Stuart*, for appellant.

*Peter B. Olney* and *R. E. Deyo*, for respondent.

VAN BRUNT, J.—The counsel for the respondents have

claimed that the decision of the case of *Story* v. *The New York Elevated R. Co.* (90 N. Y. 122), by the Court of Appeals does not apply to the case at bar, because the deed from the city of the Story lot contained a covenant that Front Street should be and remain an open street forever; and no such covenant can be shown by the plaintiff in respect to this lot.

What the plaintiff does show is that the street in front of his lot was opened under the act of 1813, and the presumption is that the abutting owners paid for the said street by being assessed for the benefits which the opening of said street would confer upon their property. They having paid for such benefits, they are entitled to enjoy them, and certainly have an equal, if not greater title to such enjoyment than if there had been a covenant made that the street should be and remain open forever. It may be true that the courts of this state have gone very far toward deciding that abutting owners have no rights, although they have bought and paid for the same, which the legislature are bound to respect; but the majority of the court in the Story case clearly held that where light, air and access to which an abutting owner is entitled by grant or contract are interfered with by any corporation acting under authority of the legislature, damages for such interference must be paid.

It would seem, therefore, that the Story case is decisive of the case at bar.

It was urged by the plaintiff and appellant that no new trial should be had in this action because the referee has found all the facts necessary to enable the court to give the plaintiff an affirmative judgment. What objections the defendants may have had to the testimony offered by the plaintiff upon the question of damages, or to the findings of the referee, are not before us.

Whether the defendants may not have relied to some extent upon the then condition of the decisions as to their liability, in offering their evidence, we do not know; and certainly the General Term cannot deprive the defendants

of their right to be heard upon exceptions taken to evidence, and of their right to except to the referee's findings.

The judgment must therefore be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.