JOHN W. WILLIS *vs.* ERIE TELEGRAPH AND TELEPHONE COMPANY.

## October 7, 1887.

**Public Streets — Erection of Telegraph Poles. —** Upon the question
whether the erection and maintenance of telephone poles and wires in a
city street, the fee of which is in the adjacent proprietor, is an infringe-
ment of the property rights of such proprietor, notwithstanding that the
proper public authorities had consented to such a use of the street—the
court is equally divided. [Rep.

The defendant erected a telegraph pole in a public street in St.
Paul, on land owned in fee by the plaintiff subject only to the public
street easement, and on this pole strung telephone wires, without
plaintiff's consent or payment of compensation to him. Plaintiff
thereupon brought this action in the district court for Ramsey county,
for damages and an injunction. The cause was heard by *Brill*, J.,
on the pleadings and a stipulation of facts, and judgment was or-

dered for plaintiff. A new trial was refused, and the defendant appealed.

E. A. Campbell, for appellant.

Walter S. Lefevre, for respondent.

By the Court. The only controversy in this case is as to whether the erection and maintaining by a corporation of telephone poles and wires in a city street, the fee of which is in the adjacent proprietor, is an infringement of the property rights of the owner of the land, the proper public authorities having consented to such a use of the street. Is such a case within the purposes for which city streets must be deemed to have been established, so that the individual proprietor is not entitled to further compensation? or is this a new appropriation of the land not embraced in the original dedication or condemnation for the purposes of a public street?

Upon the consideration which followed the argument of the case the court was divided in opinion. This led to a postponement of the decision, and before we were prepared to finally decide the question one of the justices became unable, by reason of sickness, to participate in the further consideration of the case. It is now thought that the determination of this appeal ought not to be longer deferred; but as the four members of the court who can as yet act are equally divided in opinion upon the point involved, we can render no decision which can be deemed to establish the law. We therefore refrain from any expression of the reasons upon which our individual opinions are founded. The result is that the order of the district court is affirmed.