KANE *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.*   June 3, 1889.)

1. ELEVATED RAILROADS—DAMAGES—NOISE.

   In an action against an elevated railroad company for damages to adjoining property caused by its construction and operation, the element of noise may be considered in awarding damages.

2. SAME—ACTION AGAINST PURCHASER—EXECUTORY CONTRACT.
> In such an action, proof that a defendant had agreed to purchase an interest in the road is insufficient to justify a judgment against such defendant, in the absence of any proof that the agreement had been carried into effect.

.3. SECONDARY EVIDENCE.
> Where a witness testifies that he has vainly endeavored to find a certain lease among his papers, and that it was his custom to destroy such leases to get rid of them, secondary evidence of the contents of the lease is admissible in an action between third parties.

Appeal from trial term.

Action by Edith Kane against the Metropolitan Elevated Railway Company and the New York Elevated Railroad Company. Judgment for plaintiff. Defendants appeal.

Argued before ALLEN and BOOKSTAVER, JJ.

*Davies & Rapallo,* for appellants. *John A. Weekes, Jr.,* for respondent.

ALLEN, J.   The plaintiff is the owner of the premises known as "No. 136 Pearl Street," in the city of New York, and brought this action for damages to the rental value of her property caused by the construction and operation of the elevated railroad in front of her premises. The answer of the defendant the Metropolitan Elevated Railway Company expressly denies that it ever ·erected, owned, maintained, or operated an elevated railway in or through Pearl street. The answer of the defendant the New York Elevated Railroad Company admits the construction and ownership of the elevated railway structure in said street. At the close of the plaintiff's case the counsel for the defendants moved, on behalf of each of the defendants, to dismiss the complaint, on the ground that it nowhere appeared that either of the defendants had anything to do with the construction, maintenance, or operation of the elevated railroad in Pearl street. The motion was denied, and counsel for ·defendants noted a separate exception on behalf of each defendant to the denial of the motion. This motion was renewed at the close of the whole case, and the defendants duly noted a separate exception on behalf of each defendant to the denial of the motion upon the grounds stated. The appellants now claim that the judgment should be reversed as to the defendant the Metropolitan Elevated Railway Company.

As to this branch of the case the appellants are correct, for the complaint should have been dismissed as to the defendant the Metropolitan Elevated Railway Company on the ground that it was not shown by the proof in the case that the said defendant has at any time constructed, owned, maintained, .or operated an elevated railroad in Pearl street.

The evidence offered in support of her case against the Metropolitan Railway Company consists of two agreements between the New York and the Metropolitan Companies, and the agreement between the New York, Metropolitan & Manhattan Companies, known as the "Tripartite Agreement." The two agreements first mentioned are executory in their character, the first providing that the New York Elevated Railway Company shall have the right to construct lines on the ·route or routes between South Ferry and Chatham square, and that the Metropolitan Railway Company, if it shall determine to use the part so constructed, shall have the right to do so upon payment to the New York Elevated Railroad Company of one-half the cost, charges, and expenses incurred in this construction. The second provided that the Metropolitan Elevated Company should not be required to pay for its half of the structure from Beaver street to Chatham square until it shall require the use ·of the same, and then it shall pay one-half of the full cost thereof, as defined in the previous arrangement. These arrangements gave the Metropolitan Elevated Railway Company no interest in this part of the railway until the terms of the agreement were complied with by it, which appears never to have .been the case. By the tripartite agreement it simply appears that the New

York Elevated Railroad Company had constructed the road at its own expense, and the Metropolitan Company were contemplating the purchase of one-half of it, which appears never to have been consummated. By the merger agreement the Manhattan Company acquired all, or very nearly all, of the stock of the other two companies. But the identity of the two companies is not lost by this agreement, or their legal *status* changed. This proof is entirely insufficient for the purpose of showing any ownership or interest by the Metropolitan Elevated Railway Company in the elevated railway in Pearl street. The judgment should therefore be reversed as to the said defendant the Metropolitan Railway Company, with costs.

We find no reason for disturbing the judgment as to the other defendant, the New York Elevated Railroad Company. Nearly all the questions raised by the exceptions have already in other cases been discussed and decided in this and other courts adversely to the defendant.

The judge at the trial charged that the jury might consider the element of noise in awarding damages, and refused to charge that the noise of the passing of the trains was not an element of damage, to which the defendant's counsel excepted; and our attention was called to the case of *Peyser* v. *Railway Co.*, 13 Daly, 122, where it was held that there could be no recovery on account of noise caused by passing trains. This case was before the general term of this court in November, 1884, and before the decision of the *Lahr Case* (104 N. Y. 268, 10 N. E. Rep. 528) in the court of appeals, and in applying the *Story Case*, (90 N. Y. 122,) the court did not consider it could go beyond the injury to easements of light, air, and access in awarding damages. Since the decision of the *Lahr Case*, in 1886, we have affirmed judgments at the general term in which this same point has been raised, assuming that the decision of the majority of the court of appeals in the *Lahr Case* "opens the door to proof of every injury traceable to the road or its operation."

There does not appear to be any merit in the exception which has reference to the testimony of Birchett in regard to one of the former leases of the premises in question. The witness had already testified that he had endeavored to find the lease among his papers, but could not find any of the old leases prior to May, 1888, and subsequently that he did not have it, and said: "I destroy these papers to get rid of them." The controversy was not between the parties to the lease, but, even if it had been, we think that the loss of the instrument was sufficiently proved to warrant the admission of secondary evidence of its contents. The judgment as against the defendant the New York Elevated Railroad Company is affirmed, with costs. The judgment as against the defendant the Metropolitan Elevated Railway Company is reversed, with costs.