## MOORE *v.* NEW YORK EL. R. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

1. ELEVATED RAILROADS—INJURIES TO ABUTTERS—EVIDENCE.

In an action to recover damages for the maintenance and operation of defendants' railroad in a street in front of plaintiff's premises, it was shown on the part of the plaintiff that shortly after the construction of the railroad the rental value of the property depreciated. Defendants showed that the falling off in the rents was due to the removal of the grocery trade, which had become centered in the street in question, to another locality. *Held,* that the court properly left it to the jury to say to which cause the difference in the rent of the property was due.

2. SAME—ELEMENTS OF DAMAGE.

It was proper to charge the jury that the change in the character of the neighborhood, directly or indirectly attributable to the operation of the railroad, could not be considered as causing damages for which plaintiff might recover.

3. SAME—CONCLUSIONS OF WITNESS.

The question, "Was the reason of your going away from there in any way connected with the effects produced by the operation of the road?" calls for the conclusion of the witness, and is therefore incompetent.

Appeal from trial term.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Whitehead, Parker & Dexter,* (*Chas. E. Whitehead* and *Stanley W. Dexter,* of counsel,) for appellant. *Davies & Rapallo,* (*Charles A. Gardiner* and *Brainard Tolles,* of counsel,) for respondents.

BOOKSTAVER, J.  This is an action to recover damages for the maintenance and operation of the defendants' elevated railroad in front of premises 371 Greenwich street, in which plaintiff has a life-interest. The trial judge charged the jury that the defendants were required to make compensation to the plaintiff for the difference, if any, in the rental value of her property, due to interference with light, air, and access of the same by the maintenance and operation of the defendants' railroad. The only question submitted to the jury was one of damages. On the part of the plaintiff it was shown that from 1869 to 1877 the average rental of the building was $2,200 per year, the tenant to make repairs, whereas from 1882 to the date of the trial the rent had averaged about $1,600 per year, the landlord to make the repairs. The elevated railroad was there during a portion of the first period, and there is no evidence that trains ran with greater frequency, or that any greater burden was imposed upon adjoining property, in the one period than in the other. On the part of the defendants it is shown that this portion of Greenwich street, from 1870 to 1879, was a stand for Long Island farmers, who come into town in the early morning to sell their produce, and that grocers came down to this place to buy of them, by reason of which the trade in produce and groceries became centered in this locality; and that between 1879 and 1880 this trade was removed to Gansevoort market, and in consequence of this removal rents in that locality, especially of basements and sidewalk privileges, fell off considerably. The court left it to the jury to say whether the difference in the rent of this property was due to the cause contended for by the plaintiff, or to the cause contended for by the defendant, and we do not think there is any error in the charge of the court in this respect.

We also think that the exception taken to that portion of the charge which said that the change in the character of the neighborhood directly or indirectly attributable to the operation of the elevated railroad cannot be taken into consideration as causing damages for which plaintiff may recover is without merit. This portion of the charge is in exact accordance with the law as laid down in this court for many years. *Thompson* v. *Railroad Co.,* 6 N. Y. Supp. 929, (Equity term, April, 1889;) *Meyer* v. *Railroad Co.,* (General term, January, 1886, MS. opinion.) See, also, *Greene* v. *Railroad Co.,* 65 How. Pr. 154. It is true that this court has, at general term, decided in the case of *Kane* v.

*Railway Co.*, 6 N. Y. Supp. 526, that noise is an element of damage to be considered by the jury, and such decision is binding upon us. But we think it is clear that withholding this element from the consideration of the jury, and also the element of privacy, could have had no effect upon the minds of the jury; for it is apparent that the deprivation of air, light, and access must be a greater injury to the premises in question than either noise or privacy, and the jury allowed nothing whatever for these greater injuries, if any, and therefore would not in any event have awarded damages for the lesser evils.

The only other question to be considered is an exception to the exclusion of the following question: "Was the reason of your going away from there in any way connected with the effects produced by the operation of the road?" This was excluded, under defendants' objection. The question called for the conclusion of the witness as the reason for doing a certain act, and, we think, was clearly incompetent, as the motive·of a witness in performing an act can only be given in evidence when there is no other method of proving it. In this case, we think, there was, and that therefore the objection is untenable. The judgment should be affirmed, with costs.