Moore *v.* N. Y. Elevated R. R. Co.

## MOORE *v.* N. Y. ELEVATED R. R. CO.

*N. Y. Common Pleas ; General Term, June,* 1893.

1. *Damages.*]   In an action by an abutting owner to recover damages for the injury to the value of her premises caused by the operation of defendant's elevated railway in a street, where issue is taken as to plaintiff's ownership of the premises and easement, and plaintiff's uncontradicted evidence establishes her title thereto, she is entitled to the direction of a verdict for nominal damages, although she fails to show any excess of injury to her premises caused by defendant's railway, over and above the benefits which are derived from its presence.[*]

2. *Costs.*]   In such an action, defendant's denial of all knowledge or information sufficient to form a belief as to plaintiff's allegation of the ownership of the easement interfered with by defendant's railway, causes "a claim of title to real property" to arise upon the pleadings within the meaning of Code Civ. Pro., § 3228, subd. 1, entitling plaintiff to costs, as of course, upon a judgment in her favor.

3. *New trials.*]   If nominal damages will entitle the party to whom they should have been awarded to costs, a judgment for the adverse party must be reversed.

Appeal by plaintiff from a judgment for defendant entered upon a verdict.

[*] See note on "Private Rights in Public Places" at end of this case.

Moore *v.* N. Y. Elevated R. R. Co.

The action was brought by Eliza Jane Moore against The New York Elevated Railroad Company and The Manhattan Railway Company to recover damages for the alleged injury to plaintiff's premises caused by the operation of defendants' elevated railway in a street upon which plaintiff's premises abutted.

The further facts are fully stated in the opinion.

*Stanley W. Dexter*, for appellant.

*Brainard Tolles*, for respondents.

BISCHOFF, J.—The action was by an abutting owner to recover damages for injury to the value of her premises caused by the maintenance and operation of defendants' elevated railway. The complaint alleged ownership of the premises and easements in the street, and the answer denied it. On the trial plaintiff indisputably established title to and possession of the premises by evidence which remained unchallenged. The maintenance and operation of defendants' elevated railway in front of the premises were conceded, and the case is destitute of all evidence from which defendants' acquirement of the easements taken for the purposes of their elevated railway may be even remotely inferred. Thus, it remained for plaintiff only to show the excess of injury to the rental value of her premises caused by defendants' elevated railway in depriving them of their appurtenant easements of light, air and means of access over and above the benefits which were derived from the presence of the railway. If the evidence failed to show any excess of injury, she was, notwithstanding, entitled to nominal damages.

"For any invasion of property itself, or of a substantial right of property, nominal damages are recoverable, whether any actual damage results therefrom or not" (*Wood s Mayne on Damages*, Am. ed. 7, *note*). "Every injury imports a damage, though it does not cost the party one farthing" (Lord Holt, in Ashley *v.* White,

·*Ld. Raym.* 938). "When one encroaches on the inherit-
ance of another, the law gives a right of action, and even
if no damages are found the action will be sustained, and
nominal damages recovered; because, unless that be
done, the encroachment acquiesced in might ripen into a
legal right, and the trespasser, by a continuance of his
encroachment, acquire a legal title" (Hathron *v.* Stinson,
12 *Me.* 183). The title to real property may be tried in
an action for trespass, such as this was, and though the
recovery be for nominal damages only, plaintiff's claim of
title is thereby sustained. Hence, the rule that nominal
damages must be awarded in such an action, if the plaint-
iff's title is established, though the act of trespass com-
plained of "occasions no other damage than putting at
hazard rights which, if their encroachment were acquiesced
in, would be lost by the lapse of time" (Bassett *v.* Salis-
bury Mfg. Co., 8 *Foster* [*N. H.*] 438; ·Davendorf *v.* Wert, 42
*Barb.* 227; Thomas *v.* Brackney, 17 *Id.* 654; Carhart *v.*
Auburn Gas Light Co., 22 *Id.* 297; Honsee *v.* Hammond,.
39 *Id.* 89; O'Riley *v.* McChesney, 3 *Lans.* 278).

"For every actionable injury there is an absolute right
to damages; the law recognizes such an injury whenever
a legal right is violated." "Every invasion of such a right
threatens the right itself, and to some extent impairs the
possessor's enjoyment of it. The logical sequence of find-
ing an invasion is the legal sequence—a legal injury; this
entitles the injured party to compensation." "If there is
no inquiry as to actual damages, or none appear on in-
quiry, the legal implication of damage remains." "The
damages which the law thus infers from the infraction of
a legal right are absolute; they cannot be controverted;
they are the necessary consequent. The act complained
of may produce no actual injury, it may be, in fact, bene-
ficial, by adding to the value of the property or by avert-
ing a loss which would otherwise have happened, yet it
will be equally true, in law and in fact, that it was in itself
injurious if violative of a legal right. The implied injury

Moore v. N. Y. Elevated R. R. Co.

is from that circumstance ; the fact that beyond violating a right it was not detrimental or was even advantageous, is immaterial to the legal quality of the act itself ;" and the right to recover, at least nominal damages, " applies to all actions, whether for tort or breach of contract and whether the right is personal or relates to property" (*Sutherland on Damages*, 2d ed. Vol. I., §§ 9 and 10). It is a substantial right, and the maxim *de minimis non curat lex* does not apply thereto (§ 11). Where a principle, or a right, or its extent is involved, an erroneous judgment for defendant should be reversed although plaintiff may be entitled to nominal damages only and the action is vexatious (Herrick *v.* Stover, 5 *Wend.* 580, 586; Hyatt *v.* Wood, 4 *Johns.* 150; Dixon *v.* Clow, 24 *Wend.* 188 ; Searles *v.* Cronk, 38 *How. Pr.* 320).

Defendants' denial of all knowledge or information sufficient to form a belief as to plaintiff's allegations of ownership of the easements interfered with by defendants' elevated railway, caused " a claim of title to real property " to arise upon the pleadings within the meaning of subdivision 1 of section 3228 of the Code of Civil Procedure (Bruen *v.* Manhattan Ry. Co., N. Y. Com. Pl., Gen. Term, June, 1891, 39 *State Rep.* 86; Lynk *v.* Weaver, 128 *N. Y.* 171), and having sustained her claim of ownership on the trial, plaintiff was entitled to the recovery of costs. If nominal damages will entitle the party to whom they should have been awarded to costs, a judgment for the adverse party must be reversed (Eaton *v.* Lyman, 30 *Wis.* 41 ; Enos *v.* Cole, 53 *Id.* 235 ; Sayles *v.* Bemis, 57 *Id.* 315 ; Watson *v.* Hamilton, 6 *Rich.*, [*S. Car.*] 75 ; Potter *v.* Mellen, 36 *Minn.* 122 ; Von Shoening *v.* Buchanan, 14 *Abb. Pr.*, 185). In Cady *v.* Fairchild (18 *Johns.* 129), which was an action for trespass, the county court, on appeal from a justice's court, refused to grant a new trial, though it was conceded that the plaintiff in error was entitled to recover nominal damages, and this ruling was sustained, it appearing that " the object of the plaintiff in error is merely costs and to vex

the defendant." The case was criticised and declared to be opposed to principle in Stephens *v.* Wilder (32 *N. Y.* 351), in which the circumstances were the same, though followed as *stare decisis.* Its application should not, therefore, be extended.

It follows that the learnea trial judge erred in refusing to charge, as requested by plaintiff's counsel, that the verdict must, in any event, be in favor of the plaintiff for nominal damages, and that the verdict for defendants is contrary to law and the evidence. Judgment reversed and new trial ordered, with costs to appellant to abide the event.

PRYOR and GIEGERICH, JJ., concurred.

NOTE ON PRIVATE RIGHTS OF AN ABUTTING OWNER ON A STREET OR OTHER HIGHWAY OR PUBLIC PLACE, AS AFFECTED BY VARIOUS NEW PUBLIC USES.

The rights of an abutting owner to object to subjecting the street to the various extended usages to which highways and other public places are in these days subjected, will be better understood by a careful attention to the nature of the title of the complainant, and the nature of the use to which he objects.

The first question is to ask what is the nature of the complainant's interest in the highway. Nearly all the cases are either (1) those where, as is now common in cities, he or his predecessor in title has *parted with the fee* in the bed of the street, and been compensated therefor, it being taken in trust for public use as a highway ; or (2) cases where, as is usual in the country and in many of the earlier streets in the cities, only the easement of use as a highway has been ceded to the public and he retains the fee of the soil under the highway, whether such cession was by operation of law under condemnation and the payment of damages according to the highway law or similar statute, or by his voluntary dedication of the ground to public use as a highway, followed by its practical acceptance by the public. There is a third kind of case, of which the Story case, in 11 *Abb. N. C.* 236, is the only important reported instance, in which the owner derived title to his lot from the city by a deed con-

Note on Private Rights in a Public Place.

taining a covenant on the part of the city to maintain a highway.

The nature of the complainant's title having been ascertained, the next question is as to the nature of the new use to which it is proposed to subject the land.

Bearing these two questions in mind, the reader will find in the following table a concise indication of the results thus far reached by the courts in dealing with these questions. Following down either the middle or left hand column according to the nature of his client's title the reader will find, opposite the marginal designation of the kind of obstruction, an indication of the rule of law applicable and of the authorities to the present time. Cases from the reports of other States which may not be readily accessible to the reader are concisely abridged below the table, and may readily be found in alphabetic order.

The thoughtful reader who cares to pursue the course of the judicial development of the law upon this subject, will find in it an admirable illustration of the manner in which our court of last resort has,—gradually and deliberately, as one question after another involved in this novel problem came before it,—worked out a system of rules, harmonious and consistent, and commending themselves both to the profession and to the community at large, both in this and other States, as a satisfactory solution of the intricate and complex conflict of rights involved in these enlarged public uses.

## NOTE ON PRIVATE RIGHTS IN A PUBLIC PLACE.

*Nature of complainant's title.*

| Nature of the New Use. | Abutter owing fee to middle of street. | Abutter owning fee to exterior line with easement in street. |
|---|---|---|
| HORSE CAR LINE. | *Trespass on fee.* | *No trespass.* |
| | Craig *v.* Rochester City R. R. Co., 39 *N. Y.* 404. Thayer *v.* Rochester City R. R. Co., 15 *Abb. N. C.* 52. | Milhau *v.* Sharp, 15 *Barb.* 193; People *v.* Kerr, 27 *N. Y.* 188. Kellinger *v.* Forty-second St. etc. R. R. Co., 50 *N. Y.* 206. Mahady *v.* Bushwick R. R. Co., 91 *N. Y.* 148. |
| STEAM SUR-FACE LINE. *(on grade.)* | *Trespass on fee.* | *No trespass.* |
| | Williams *v.* N. Y. Central R. R. Co., 16 *N. Y.* 97. Wager *v.* Troy Union R. R. Co., 25 *N. Y.* 526. Hussner *v.* Brooklyn City R. R. Co., 30 *Hun,* 409. | Drake *v.* Hudson River R. R. Co., 7 *Barb.* 508. Fobes *v.* Rome, Watertown, etc. R. R. Co., 121 *N. Y.* 505. |
| *(If grade changed or other obstruction).* | *Trespass on fee.* | *Trespass.* |
| | Mahon *v.* N. Y. Central R. R. Co., 24 *N. Y.* 658. Henderson *v.* N. Y. Central, etc. R. R. Co., 78 *N. Y.* 423. | Reining *v.* N. Y. Lackawanna, etc. R.R. Co., 128 *N. Y.* 157. Falker *v.* N. Y. West Shore, etc. Ry. Co., 17 *Abb. N. C.* 279. |

[Change of grade to make crossing with road running along another street, not a trespass. Ottenot *v.* N. Y. Lackawanna, etc. R. R. Co., 119 *N. Y.* 603; Rauenstein *v.* Same. 136 *N. Y.* 528.]

[Erection of railway station in park, not a trespass to easement of abutting owner. Greene *v.* N. Y. Central, etc. R. R. Co., 12 *Abb. N. C.* 124.]

[Crossing by horse street railroad, not a trespass as against the other line. Brooklyn Central, etc. R. R. Co. *v.* Brooklyn City R. R. Co., 33 *Barb.* 420.]

[Construction of street railway not a trespass against franchise

of other line in same street. Brooklyn City, etc. R. R. Co. *v.* Coney Island, etc. R. R. Co. 35 *Barb.* 364.]

[As to right of abutter with covenant of city to maintain highway or other public place, see Story *v.* N. Y. Elevated R. R. Co., 11 *Abb. N. C.* 236.]

| ELEVATED ROAD. | *Trespass as to owner's easement and fee.* | *Trespass as to owner's easement.* |
|---|---|---|
| | McGean *v.* M. E. R. Co., 133 *N. Y.* 9. | Lahr *v.* Met. E. R. R., 104 *N. Y.* 268. |
| | Drucker *v.* M. E. R. Co., 106 *N. Y.* 157 (*dictum*). | Drucker *v.* M. E. R. R., 106 *N. Y.* 157. |
| | Abendroth *v.* N. Y. E. R. R. 54 *Super.* 417 (*dictum*). | Abendroth *v.* N. Y. E. R. R., 54 *Super.* 417. |
| | | Kane *v.* N. Y. E. R. R., 125 *N. Y.* 164. |
| | | Shepard *v.* Manhattan R. Co., 117 *N. Y.* 442. |
| | | Mortimer *v.* N. Y. E. R. R., 6 *N. Y. Supp.* 898. |
| | | Peyser *v.* N. Y. E. R. R., 12 *Abb. N. C.* 276. |
| | | Hughes *v.* M. E. R. Co., 103 *N. Y.* 14. |
| | | *Contra.* |
| | | 6th Ave. R. R. *v.* Gilbert, 3 *Abb. N. C.* 372. |
| | | Patten *v.* N. Y. E. R. R., 3 *Abb. N. C.* 306. |
| *Station in side street.* | | Mattlage *v.* N. Y. E. R. R., 14 *Daly,* 1. |

| TELEGRAPH POLES AND WIRES. | *An additional burden.* | *An invasion of right.* |
|---|---|---|
| *Erection and maintenance without unnecessary obstruction.* | Blashfield *v.* Empire S. Tel. Co., 18 *N. Y. Supp.* 250. | Met. Tel. & Teleg. Co. *v.* Colwell, etc. Co., 50 *N. Y. Super Ct.* 4. |
| | Dusenburg *v.* Mutual Tel. Co., 11 *Abb. N. C.* 440. | See People *v.* Met. Tel. & Teleg. Co., 11 *Abb. N. C.* 304. |
| | Board of Trade Tel. Co. *v.* Barnett, 107 *Ill.* 507. | |
| | Chesapeake, etc. Tel. Co.*v.* Mackenzie, 21 *Atl. Rep.* 690. | Chesapeake, etc. Tel. Co.*v.* Mackenzie, 21 *Atl. Rep.* 690 (*dictum*). |

Note on Private Rights in a Public Place.

| Nature of the New Use. | Abutter owning fee to middle of street. | Abutter owning fee to exterior line with easement. |
|---|---|---|
| | Stowers *v*. Postal Teleg. Cable Co., 44 *Alb. L. J.* 133. | Stowers *v*. Postal Teleg. Cable Co., 14 *Alb. L. J.* 133 (*dictum*). |
| | W. U. Teleg. Co. *v*. Williams, 86 *Va.* 696. | |
| | Willis *v*. Erie Teleg. & Tel. Co., 37 *Minn.* 347. | |
| | See W. U. Tel. Co. *v*. Rich, 19 *Kans.* 517. | |
| | *Contra.* | *Contra.* |
| | Gay *v*. Mutual Union Tel. Co., 12 *Mo. App.* 485. | Forsyth *v*. B. &. O. Teleg. Co., 12 *Mo. App.* 494. |
| | Pierce *v*. Drew, 136 *Mass.* 75. | |
| *Mandamus not the proper remedy.* | People *ex rel.* McManus *v*. Thompson, 32 *Hun*, 93. | |
| *If rendering the street dangerous for public travel, by manner of removing wires, bracing poles, etc.* | Actionable negligence—whether an abutter or not. | —action lies irrespective of Staring *v*. W. U. Tel. Co., 34 *St. Rep.* 508. Sheldon *v*. W. U. Tel. Co., 51 *Hun*, 591. |
| *Maintaining the wires above ground after passage of act ordering them under ground.* | Nuisance. | Am. Rapid Transit Tel. Co. *v*. Hess, 125 *N. Y.* 642. |

| ELECTRIC POLES AND WIRES. | *No additional burden.* | *No invasion of right.* |
|---|---|---|
| *Erected for purpose of lighting the public streets.* | Johnson *v*. Thomson, etc. Co., 54 *Hun*, 469. Consumers', etc. Co. *v*. Congress Spring Co., 39 *St. Rep.* 703. (Not clear in the above cases who owned the fee.) | Tuttle *v*. Brush, etc. Co., 50 *N. Y. Super. Ct.* 464. Electric. etc. Co. *v*. Heffernan, 34 *St. Rep.* 436. Tiffany, etc. Co. *v*. U. S. Illum. Co., 51 *Super. Ct.* 280. (It does not seem |

Electric, etc. Co. *v.* Heffernan, 34 *St. Rep.* 436 (*dictum.*)

clear as to who owned the fee.)

*An invasion of right.*

*For private purposes.*

Tiffany, etc. Co. *v.* U. S. Illum. Co., 51 *Super. Ct.* 280. (It does not seem clear as to who owned the fee.)
See Electric, etc. Co. *v.* Heffernan, 34 *St. Rep.* 436.

## GAS AND WATER PIPES AND SEWERS.

*In city streets.*  *No additional burden.*  *No invasion of right.*

Crooke *v.* Flatbush, etc. Co., 29 *Hun*, 245.
Crooke *v.* Flatbush, etc. Co., 27 *Hun*, 72.

Milhau *v.* Sharp, 15 *Barb.* 193 (*dictum*).

*Contra.*

Kelsey *v.* King, 33 *How. Pr.* 39.

*In country highways.*  *An additional burden.*

Bloomfield, etc. Gasl. Co. *v.* Calkins, 62 *N. Y.* 386.
Bloomfield, etc. Gasl. Co. *v.* Richardson, 63 *Barb.* 437.

## SOLDIERS' MONUMENT.

*No additional burden.*

Tompkins *v.* Hodgson, 2 *Hun*, 146.

## WATER TANKS.

Erected on the city streets to supply water for street sprinkling—*held*, to be for a public purpose and a proper street use—the question as to abutter's rights did not arise. Savage *v.* City of Salem, 31 *Pac. Rep.* 832.

Note on Private Rights in a Public Place.

## DAMAGES

### IN ELEVATED RAILROAD CASES.

*Allowed for,*

| | |
|---|---|
| Smoke, cinders, gas, ashes, etc. | Lahr *v.* Met. E. R. R., 104 *N. Y.* 268. |
| | Drucker *v.* M. E. R. R., 106 *N. Y.* 157. |
| Noise. | Kane *v.* Met. E. R. R., 6 *N. Y. Supp.* 526. |
| | Taylor *v.* Met. E. R. R., 55 *N. Y.* 555. |
| Noise as affecting rental value. | Messenger *v.* M. R. Co., 129 *N. Y.* 502. |
| Vibration. | Ireland *v.* M. E. R. Co., 52 *Super. Ct.* 450. |
| Loss of privacy. | (Open question.) |
| Loss of privacy as affecting rental value. | Messenger *v.* M. R. Co., 129 *N. Y.* 502. |
| | Moore *v.* N. Y. E. R. R., 130 *N. Y.* 523. |
| Decrease in trade as affecting rental value. | Drucker *v.* M. E. R. R., 106 *N. Y.* 157. |
| Decrease in market value. | Pappenheim *v.* M. E. R. Co., 128 *N. Y.* 436. |
| Diminished rental value. | Kearney *v.* M. E. R. Co., 129 *N. Y.* 76. |
| | Hine *v.* M. E. R. R. 128, *N. Y.* 571. |
| | Moore *v.* N. Y. E. R. R., 130 *N. Y.* 523. |

*Enhancement of value may be set off.*

Bohm *v.* M. E. R. Co., 129 *N. Y.* 576.

### *Notes on Cases.*

Board of Trade Teleg. Co. *v.* Barnett, 107 *Ill.* 507 (1883). Action of trespass *quare clausum fregit* against the erection of telegraph poles in a public highway, to the center of which plaintiff owned the fee. Judgment awarding plaintiff damages, was affirmed, the court holding that such use of the highway was a new and additional burden upon the fee not contemplated in the original taking, and for which the owner of the fee was entitled to additional compensation.

Chesapeake & P. Tel. Co. *v.* Mackenzie, 21 *Atl. Rep.* (*Md.*) 690 (1891). Action by abutter, owning the fee to the center of the street, for damages from the erection of a telephone pole in a street in

Baltimore, Md. Judgment was rendered for plaintiff. On appeal the court *held* that, whether the fee was in the plaintiff or in the city, there was a right of recovery : in the one case, on the ground of its being an additional servitude on the fee not contemplated in the original taking, and in the other case, that it was an interference with the easements of ingress and egress. The decision below, however, was over-ruled and a new trial ordered for error in admission of evidence.

Forsythe *v.* B. & O. Teleg. Co., 12 *Mo. App.* 494 (1882). Abutter's action for injunction against erecting telegraph pole in a street of St. Louis, Mo., to injury of abutter's easement. Fee in the abutter, but no injury claimed on that score. Motion for injunction granted ; but on appeal modified so as to restrain from erecting an unsightly pole, but permitting erection of a shapely pole.

Gay *v.* Mutual Union Teleg. Co., 12 *Mo. App.* 485 (1882). Abutter's action for injunction against erection of telegraph poles in a street of St. Louis, Mo. It does not appear who owned the fee of the street. Order granting injunction reversed, holding that the legislature has the power to authorize such use of the highways ; that the poles, erected in compliance with State statutes and city ordinance, were lawfully there and not a nuisance.

Henry Gauss & Sons M'f'g Co. *v.* St. Louis, K. & N. W. R. R. Co., 20 *S. W. Rep.* 658 (*Mo.*) (1892). Action to enjoin railroad company from building and operating line in front of abutter's premises in the city of St. Louis. Injunction refused ; the court holding that for unlawful or negligent maintenance or use of track or engines, defendant would be liable in an action for damages, but that the building and operation thereof under authority from the city was not such a perversion of the highway from its original purposes as to render the railway company liable in damages for the additional burden imposed.

Of this case the *Harv. L. Rev.* (vol. 7) says : " This agrees with earlier cases in Missouri, but the weight of authority is *contra. Lewis Eminent Domain,* § 115 and note."

Pierce *v.* Drew, 136 *Mass.* 75 (1883). Bill by owner of fee to center of highway, to restrain selectmen from granting a telegraph company a location for its posts and wires.

Demurrer to bill sustained, dismissal thereon affirmed. *Held,* that the legislature can authorize the use of a highway for telegraph poles and wires, without making compensation to the owner of the

fee to the highway, it being a proper street use within the design of the original taking.

Willis *v.* Erie Teleg. & Tel. Co., 37 *Minn.* 347 (1887). Action for damages and to enjoin the erection of telegraph pole upon a public street in St. Paul,—plaintiff owning the fee to the center of street. Judgment ordered for plaintiff. The supreme court on appeal was equally divided on the question whether such use of the street was an infringement on the property rights of the abutter owning the fee to center of street,—notwithstanding the consent of the proper public authorities to such a use.

Stowers *v.* Postal Telegraph-Cable Co., 44 *Alb. L. J. (Miss.)* 133 (1891). An injunction was decreed, restraining the telegraph company from erecting its poles in front of plaintiff's property in the city of Vicksburg, Miss., plaintiff owning the fee to the center of the street. A decree sustaining a motion to dissolve the injunction was reversed and the injunction re-instated, the court holding that such use of the street imposed an additional burden upon the fee holder and entitled him to additional compensation ; that it was immaterial as to the right of recovery whether the plaintiff or the city owned the fee in the street.

Western Union Teleg. Co. *v.* Rich, 19 *Kans.* 517 (1878). Action of trespass for destruction of plaintiff's trees by erection of defendant's telegraph poles. Plaintiff owned the fee subject to the right of way of a railroad company in conjunction with which the defendant's claimed they were building the telegraph line. Judgment for the plaintiff was reversed, the court holding that a telegraph erected by a railroad company within its location, for railroad purposes, to increase the safety and efficiency thereof, does not constitute an additional servitude, but is only a legitimate development of the easement originally acquired.

Western Union Teleg. Co. *v.* Williams, 86 *Va.* 696 (1890). Action of trespass on the case against the erection of telegraph poles in a public road, to the center of which plaintiff owned the fee. Judgment, in damages, for the plaintiff affirmed, the court holding that the public had by condemnation acquired only a right of passage, and that the erection of telegraph poles was an additional servitude on the land,—a taking of private property for public use without compensation, in violation of the constitution.