W. B. JORDAN and Another v. NORTHWESTERN ELECTRIC EQUIPMENT COMPANY and Another.[1]

April 12, 1912.

Nos. 17,561— (184).

Appeal from order denying new trial — second appeal.

Where an appeal is taken from an order denying a new trial, and the order is affirmed, either on the merits, or on an equal division in opinion of the justices, or under the rules of court, no questions, which were or might have been determined on such appeal, can be raised on a subsequent appeal from the final judgment.

1 Reported in 135 N. W. 529.
      117 M.—14.

After the former appeal of this case, reported infra, page, 522, the cause was remanded and judgment was entered in the district court affirming the order appealed from. From the judgment entered pursuant to the findings and order of Hallam, J., plaintiffs appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellants.

*How, Butler & Mitchell,* for respondents.

PER CURIAM.

This case was before the court at the October, 1911, term upon an appeal by the plaintiffs from an order denying their motion for a new trial. The appeal, by reason of the illness of one of the justices, was heard by four justices of the court, who were equally divided in opinion. Thereupon judgment was entered affirming the order appealed from and remanding the case. Infra, page 522, 134 N. W. 1134. Judgment was entered in the district court in favor of the defendants, in accordance with the findings of fact and conclusions of law of that court. The plaintiffs appealed from the judgment, and here assign the same alleged errors that were assigned on the first appeal.

Where an appeal is taken from an order denying a new trial, and the order is affirmed, either on the merits, or under the rules of court, no questions, which were or might have been determined on such appeal, can be raised on a subsequent appeal from the final judgment; but such is not the effect of a mere dismissal of the appeal. 1 Dunnell, Minn. Digest, § 398.

This rule applies to a judgment in a case where the justices of this court are equally divided in opinion, for such a judgment is as binding on the parties to the particular action as any other judgment. It is not, however, a precedent in any other case. Willis v. Erie Tel. & Tel. Co. 37 Minn. 347, 34 N. W. 337; Gran v. Spangenberg, 53 Minn. 42, 54 N. W. 933; 3 Cyc. 406; Black, Judicial Precedents, 76.

We accordingly hold that the questions attempted to be raised by the assignments of error on this appeal are res adjudicata.

Judgment affirmed.